### J. C. TRUBE V. J. S. MONTGOMERY.

#### No. 693.

**1. Limitation—Action for Violation of Lease.**—A suit to recover damages for the wrongful eviction of the lessee (holding under a written lease) from the rented premises, by the lessor, must be instituted within four years from the date of the eviction, although the lease may have a longer time to run.

**2. Same.**—The eviction of the tenant from the rented premises was a distinct invasion of his right, and inflicted immediate injury, for which a suit might have been at once instituted.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*McLemore & McLemore* and *Davidson & Minor,* for appellant.—1. The measure of damages for the breach of the covenant for possession, occupation, and enjoyment of the demised premises would be the value of the unexpired term, and as this could not be known until the term had expired, although a suit for nominal damages would lie upon eviction from the possession, none would lie for the actual damages for loss arising from the breach of the covenant until the loss occurred, and the loss did not occur, in the sense of being complete and certain, and could not be ascertained, until the expiration of the time fixed by the lease (December 31, 1891), and this suit having been filed on November 11, 1893, it was brought in due time. Richardson v. Harrison, 23 S. W. Rep., 438; Lichtenstein v. Brooks, 75 Texas, 196; De Cordova v. Galveston, 4 Texas, 482; 19 Vt., 467; 13 Am. and Eng. Encyc. of Law, 721.

2. The court erred in sustaining defendant's exception of limitation of four years, as it appears from the pleadings, and as in truth it is, that plaintiff's cause of action accrued and became complete and certain on December 1, 1891, and plaintiff's original petition was filed in the District Court of Galveston County, Texas, on November 11, 1893, and within four years after plaintiff's cause of action became complete, certain, and accrued."

Where an employe for a fixed period, and hire to be paid at intervals, is wrongfully discharged, he may pursue any one of two courses:

1. He may sue at once for a breach of contract, in which case he can only recover his damages up to the time of bringing suit. 2. He may wait until the end of the contract period and then sue for the breach.

A party may elect when to treat an action as a breach.

Plaintiff did not elect to treat the action of defendant's testator as a total breach until December 1, 1891, and waited until the expiration of the contract period before bringing his suit. Halloway v. Talbot, 70 Ala., 389; 14 Am. and Eng. Encyc. of Law, 798.

3. When, in a contract, there is incorporated a condition creating a limitation of liability of either party under the contract, this condition must be fulfilled before an action can be maintained upon the contract for a breach thereof, and the cause of action does not become fixed and certain until such time as the creditor acquires a full and perfect right to prosecute his demand. Where this right depends upon a contingency or condition, the cause of action does not accrue until this condition has been fulfilled. 1 Suth. on Dam., pp. 176, 177, 195; Angel on Lim., sec. 120; Graves v. Pemberton (Ind. App.), 29 N. E. Rep., 117.

*S. S. Hanscom*, for appellee.—1. Appellant's cause of action, if founded on the written contract of lease, began when the ejectment of the appellant's assignor occurred, and was barred by the statute of limitations of four years. Rev. Stats., art. 3205; Waterworks v. Kennedy, 70 Texas, 234, 236; Lichtenstein v. Brooks, 75 Texas, 196, 198; 13 Am. and Eng. Encyc. of Law, 722.

2. The measure of damages for the breach of covenant for possession, etc., is the difference between rents to be paid and the actual value of the premises at the time of breach for the unexpired term; and whether the damage could be known or not, the cause of action accrued when the breach occurred, and more than four years having elapsed, the action is barred by limitations.

As to limitations: Herreshoff v. Tripp, 1 N. E. Rep., 46; Hill v. Meyers, 46 Pa. St., 15; Betts v. Norris, 38 Am. Dec., 270; Wood on Lim., p. 362, and note, p. 367; Angel on Lim., p. 123; Jones' Heirs v. Paul's Heirs, 59 Texas, 41; Eustis v. Cowherd, 23 S. W. Rep., 737; Wilcox v. Executors of Plummer, 4 Pet., 172; Lynch v. Cox, 23 Pa. St., 265; Hill v. Meyers, 46 Pa. St., 15, 19, 21; McCheney v. Silliman, 3 Pet., 270.

As to measure of damages: 3 Suth. on Dam., pp. 149, 153; Buck v. Morrow, 2 Texas Civ. App., 361; Murphy v. Service, 2 Ct. App. C. C., sec. 748; Green v. Williams, 45 Ill., 206; Calvit v. McFadden, 13 Texas, 327.

3. Before the time of complete performance of the lease, appellant's assignor was evicted by appellee's testatrix, and the contract of lease was thereby repudiated and renounced, and the cause of action im-

mediately thereupon arose. Leach v. Wilson County, 62 Texas, 331, 332; Id., 68 Texas, 353, 355; Pruitt v. Durant, 19 S. W. Rep., 281.

WILLIAMS, ASSOCIATE JUSTICE.—The case is thus correctly stated in appellant's brief:

On November 11, 1893, the appellant, who was plaintiff below, filed his original petition, and on January 20, 1894, his first amended original petition, which latter pleading alleged, substantially, the execution and delivery by Margaret Wright (appellee's decedent), on December 31, 1881, to G. W. Nordholtz (appellant's assignor) of a written lease for lot 7, in block 501, and improvements, in Galveston, Texas, for ten years from December 31, 1881, in consideration of the aggregate sum of $30,000, to be paid in equal monthly payments of $250; the covenants, on the part of Mrs. Wright and her representatives, that Nordholtz and his assigns, paying said rent and keeping and observing all the covenants and agreements on their part, should peaceably and quietly, during the said term, hold, possess, and enjoy the demised premises without any let, hindrance, molestation, disturbance, or interruption by her or by any person or persons whatsoever, and that Nordholtz, and those claiming under him, should have the right and privilege of subletting the demised premises; the putting, by Mrs. Wright, of Nordholtz, on December 31, 1881, by virtue of said lease, in the possession of the demised premises, and the entry thereupon by Nordholtz, and his becoming possessed thereof; the sale, transfer, and assignment, in writing and for value, by G. W. Nordholtz, to appellant, J. C. Trube, on September 16, 1887, of all his rights arising out of said lease and its covenants; the fulfillment and performance by Nordholtz, up to September 16, 1887, and thereafter by appellant, of all things by them in said lease to be kept, fulfilled, and performed; and particularly touching the payment of the rent in said lease reserved according to the true intent and meaning of said lease, and the breach by Mrs. Wright, and after her death, by appellee as her executor, of the covenants on their part in said lease, and especially in this, that although often requested so to do by Nordholtz and by appellant, Mrs. Wright in her life-time did not, nor did appellee, at any time after her death, defend, either to Nordholtz or to appellant, the title to and the possession and enjoyment of the demised premises, and against the hindrance, molestation, disturbance, and interruption of all persons whatsoever, but on the contrary, during the term, and about January 1, 1887, notwithstanding Nordholtz had paid the monthly installments of rents theretofore due, and was ready and willing to pay those thereafter falling due (as appellee continued ready and willing after September 16, 1887, and up to December 31, 1891), Mrs. Wright did enter into and upon the possession of said demised premises, and unlawfully and wrongfully did eject, expel, and remove Nordholtz against his will from the

possession, occupation, and enjoyment of the demised premises, and that she, continually thereafter during her life-time, excluded Nordholtz and appellant, against the will of each, from the possession, occupation, and enjoyment thereof, and after her death, continually up to the expiration of said lease, the defendant so kept and excluded the appellant, against appellant's will, and contrary to the form and effect of said lease, and of Mrs. Wright's covenants; by reason of all of which Nordholtz and appellant, his assignee, have not only lost entirely and been deprived of the said demised premises and its appurtenances, but have also lost and been deprived for five years during said term, to wit, from January 1, 1887, to December 31, 1891, of the rental value to Nordholtz and his assignee, appellant, of said demised premises, which rental value, over and above the rent to be paid under said lease to Mrs. Wright or her representatives, by Nordholtz or his assignee, appellant, during said period from January 1, 1887, to December 31, 1891, amounts to the aggregate sum of $18,000; the death of Mrs. Wright on September 7, 1889, leaving a will which was probated in the County Court of Galveston County, on November 18, 1889, and appellee James S. Montgomery's appointment as executor, and his due qualification, and that he, as such executor, is in charge of Margaret Wright's estate, said administration upon said estate being still open and pending in said County Court of Galveston County; the failure and refusal of Mrs. Wright and of defendant to keep and observe the covenants of said lease, and appellee's failure and refusal, although often requested, to allow or to pay, in whole or in part, appellant's claim for damages against Mrs. Wright's estate arising out of the breach of said covenants in said lease.

Prayer for process, for judgment against defendant as executor of Mrs. Wright's will, for his said damages, with legal interest, for general and special relief, and for costs.

Appellee excepted to the petition, on the ground that the cause of action was barred by the statute of limitations of two and four years. The exception was sustained, and the suit dismissed.

*Opinion.*—The suit was for damages for breach of a contract in writing, and the four years' statute is applicable. Robinson v. Varnell, 16 Texas, 382.

But the only question to be decided is, when did the cause of action accrue? Appellant contends that it was not complete and perfect until the expiration of the term, as the extent of the damages resulting from the eviction could not be known until then.

If the fact were as supposed, it would not of itself prevent limitation from operating from the date of the alleged eviction. There can be no doubt, according to the allegation, that such an eviction was a distinct invasion of plaintiff's right inflicting immediate legal injury,

for which a suit might at once have been commenced. In Waterworks v. Kennedy, 70 Texas, 236, the rule is thus stated: "If, however, the act of which the injury was the natural sequence was a legal injury, by which is meant an injury giving cause of action by reason of its being an invasion of plaintiff's right, then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar. See also Lyles v. Railway, 73 Texas, 95.

There are cases arising under covenants of title in conveyances of real estate where damages to the premises of which the covenantee is in possession and enjoyment are partial only, and occur at intervals in which limitation upon actions for the breach is held not to run from the first breach, the covenant running with the land, and the breach being continuous. Wood on Lim., secs. 173, 174, and notes. But when the right of action is upon an eviction from the whole land, there is a complete and final breach of the entire covenant, and limitation begins at once. Id.

It will be seen that the distinction made between acts which constitute causes of action, complete at the time of their commission, and those which were not actionable per se, but become so only when resulting damage to another occurs, is substantially observed in the application of the law of limitation to actions for breach of covenants. Here there was a complete eviction from the leased premises, which wholly ended plaintiff's enjoyment of them. His cause of action was perfect when this occurred, and should have been prosecuted within four years from that date.

*Affirmed.*

Delivered June 25, 1894.