SANSOM LYLES v. THE TEXAS & NEW ORLEANS RAILWAY COMPANY.

No. 2698.

**Limitation.**—In a suit for damages against a railway company caused by the depreciation in the value of plaintiff's property from the construction of its track and road bed in a street which fronts it, limitation runs from the time the road track is laid.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*W. P. Hamblen,* for appellant.—Where there is a continuing trespass and injury the statute of two years does not run until two years after the last wrongful act. Fuller v. Santa Fe Ry. Co., 63 Texas, 467; 1 Sedg. on Dam., p. 295 and notes; 1 Add. on. Torts, sec. 385; Holmes v. Wilson, 10 Add. & E., 503; Bowyer v. Cook, 4 C. B., 236.

No brief on file for appellee.

STAYTON, CHIEF JUSTICE.—This action was brought by appellant to recover damages for injury alleged to have been done to property owned by him and fronting on a street on which he alleges that appellee constructed a double track of railway. He alleges that appellee constructed the first track in the street in 1879 and that it constructed the second track in 1884, and that both of these have been continuously used since their construction.

The basis of his action is the depreciation in value of his property, which he alleges results from the occupation of the street by the tracks of railway. The action was brought on February 21, 1888, and the defendant by demurrer interposed the defense of two years limitation, which was sustained by the court below and the cause dismissed. The petition does not allege whether the appellee occupied the street by permission of the local authorities of the city of Houston. Whether with or without such permission, if the averments of the petition be true, and they must be so taken, an injury to appellant's lot was done the moment appellee occupied the street with its tracks, and this injury gave him an immediate cause of action in which he would have been entitled to recover not only nominal but full damages.

It is not a case in which no actual injury was done when the tracks were laid and in which no action would lie until some consequential injury resulted, but is a case in which a cause of action existed on which the measure of relief was at once just as broad as the lapse of years could make it.

The wrong complained of was permanent in its character, as was the injury to the estate of appellant, for which a recovery of the entire

damages might be had in one action and upon which but one recovery could be had.    In such cases the statute of limitations runs from the time the tracks were laid, for from that time appellant could have maintained the same cause of action he now seeks to assert, and could have recovered all the damages he now could recover for the injury done to his estate were the bar of the statute not interposed.    Town of Troy v. Railroad Co., 23 N. H., 101; Powers v. Council Bluffs, 45 Ia., 652; Water Works v. Kennedy, 70 Texas, 233; Railroad Co. v. Chaffin, 60 Texas, 554; Wood on Lim., 177–80.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered February 26, 1889.