HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. WILLIAM BARR.

Decided December 22, 1906.

**1.—Obstructing Surface Water—Common Law Right.**

The common–law right of an owner of land to repel therefrom the flow of surface water can not be invoked by railroads in this State, since our statute (Rev. Stats., art. 4436) expressly denies them this right and forbids them from interfering with the flow of the same in the construction of their roadbeds.

**2.—Same—Construction of Switch.**

The same law applies to the construction of a switch as to a main line in the matter of obstructing surface water, and where a railroad company took earth from one place and deposited it in another for the bed of its switch track, and in so doing obstructed the natural flow of the surface water and caused it to back upon and overflow plaintiff's premises, it was liable for the damage caused thereby.

**3.—Same—Prevention of Damage by Plaintiff.**

Where a railroad company, in the construction of a switch, obstructs the natural flow of the surface water to plaintiff's damage, it is no defense to say that plaintiff might easily and cheaply have provided an outlet and so prevented the damage.

**4.—Railroad Tracks—Right of Railroads to Use.**

Railroad companies have a lawful right to use its tracks in the prosecution of its business so long as such use is reasonable and does not amount to an actionable nuisance; and a mere increase in such use, in a necessary and reasonable way, does not give a cause of action against them in favor of adjacent property owners for personal inconvenience and annoyance.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Baker, Botts, Parker & Garwood* and *Spoonts, Thompson & Barwise,* for appellant.—The defendant, and those under whom it claimed, having been lawfully in possession of its right of way across block 48, and the railroad having been constructed thereon for a period of more than fifteen years, during all of which time it was regularly operated, any cause of action which the plaintiff may have had for injury to his premises, by the construction and operation of said road, was barred by the statute of limitation. Houston & T. C. Ry. v. Chaffin, 60 Texas, 554; Lyles v. Texas & N. O. Ry., 73 Texas, 95; Houston Water Works v. Kennedy, 70 Texas, 233; Oklahoma, C. & T. R. R. v. Dunham, 13 Texas Ct. Rep., 644.

The fact that the defendant had constructed an additional side track on its old dump or embankment and right of way, and had used the same in the operation of its road, would not give plaintiff any action for damages resulting from the noise, smoke, cinders and obnoxious odors caused by the use of the side track by defendant in the operation of its road. Oklahoma C. & T. R. R. Co. v. Dunham, 13 Texas Ct. Rep., 644.

The defendant's road having been constructed for more than fifteen years, during all of which time it and its predecessor owned block 48, it was authorized to place any additional improvement on said block necessary to the operation of its road, and the fact that plaintiff was inconvenienced by reason of the operation and use of said improvements

does not entitle him to damages.    Oklahoma City & T. R. R. Co. v. Dunham, 13 Texas Ct. Rep., 644.

The defendant, being the owner of block 48, had the right to fill up the same, and because the result of said filling was to divert the surface water therefrom and cause it to flow back in the street, and again from the street back over plaintiff's premises, would not create a cause of action that would enable plaintiff to recover from the defendant. Rev. Stats., art. 4436; Barnett v. Matagorda Rice Co., 83 S. W. Rep., 801; Schloss v. Atchison, T. & S. F. Ry., 85 Texas, 601; Houston & W. T. Ry. v. Campbell, 91 Texas, 559.

Even though the value of the plaintiff's property may have been affected by the negligence of the defendant, it was still the duty of the plaintiff to exercise care and caution to avoid injury to his own property, and if, after the defendant had constructed the embankment and diverted the water to plaintiff's premises, the plaintiff, by the expenditure of a small amount of money, could have avoided the effect of said injury inflicted by the defendant, the injury to his property would be the amount that it would take to put it in a condition where it would be free from overflow. Austin & N. W. Ry. v. Anderson, 85 Texas, 88; Galveston, H. & S. A. Ry. v. Becht, 21 S. W. Rep., 971; Gulf, C. & S. F. Ry. v. Simonton, 22 S. W. Rep., 286; Sutherland on Dam., 148-152.

*Beckham & Beckham,* for appellee.

CONNER, Chief Justice.—In this case appellee recovered a judgment for fifteen hundred dollars damage to his property caused by the erection of an embankment during the construction of a switch track, and two hundred and fifty dollars as damages occasioned by noise, cinders, etc., arising from the use of such new switch track.

There is but little, if any, material controversy in the facts. It appears that for some fourteen or fifteen years prior to the trial the appellant and its predecessor in right constructed and operated a line of railway through the city of Fort Worth, and a number of switch tracks along the eastern side of blocks 48 and 47 of Tucker's addition to said city. Block 47 is situated north of block 48, and Leuda Street extends east and west between them, the street, however, not extending across the switch yard. Appellee has long owned and resided upon block 39 of said addition, situated west of said block 48, with Calhoun Street (fifty feet wide) extending in a northerly and southerly direction between them. The old switch tracks (five in number) were situated just east of the main line, which was about one hundred and eighty feet east of appellee's block. About one year prior to the institution of this suit by appellee, the appellant began the construction of the new switch track of which appellee complains. Its most southerly point is two hundred and fifteen feet south of Leuda Street and the north lines of blocks 48 and 39. It extends in a northerly direction over the eastern portion of block 48, across Leuda Street, and block 47. This switch is twenty-four feet from the center of the main line and twenty-four feet closer to Mr. Barr's residence than any track theretofore constructed. It further appears that the ground slopes to the east and southeast from block 39 and that before the construction of the switch track surface

water from rainfalls upon block 39 had their natural drainage across block 48 until reaching the embankment of the main line; from whence it flowed in a southerly direction to an escape way. The roadbed of the switch track across block 48 was leveled up in doing the work, so that it was substantially on a level with the main roadbed, and in constructing the track farther north across block 47 it was necessary to make a considerable cut, and the earth and rock therefrom were brought back and deposited upon block 48, so that when the switch track was completed, block 48 had been covered to the depth of several feet, thereby forming an embankment along its western line, by means of which the rainfall from block 39 was impeded and caused to flow back on plaintiff's land and damage it. There was also testimony showing annoyance and personal inconvenience to appellee and his family, caused by the use of the switch track, as alleged.

Appellant first insists that the court should have given a peremptory instruction in its favor. The contentions being that appellee's cause of action, if any, was barred by limitation; or if not, that no damage was recoverable because, it is insisted, appellant had a free right to construct the switch track along its old dump and to repel surface water from its own block. It seems clear, however, that if appellee had a cause of action on this ground it was not barred by limitation. The switch track and embankment of which complaint is made were constructed in 1903 and appellee began his suit in August, 1904. Nor do we agree that the facts stated do not confer upon appellee any right of recovery. Under the court's charge the jury were not authorized to find any damage to appellee's premises because of the mere construction and use of appellant's switch tracks, either new or old, but only in event they found that the new embankment, caused by filling block 48, resulted in overflow and injury as alleged. We will not impute to the jury a finding not warranted by the charge, so that, so far as the element of damages to property is involved, we have only to determine whether under the circumstances the mere filling of block 48 gave appellee a right to recover the resulting damage to his land.

Appellant invokes the common law right of an owner of land to repel therefrom the flow of surface water, and cites the case of Barnett v. Matagorda Rice & Irrigation Co., 83 S. W. Rep., 801. This is a very strong case in support of the rule mentioned, but we think it inapplicable here. Article 4436, Revised Statutes, expressly places railway companies in a different position in the construction of their roadbeds. It provides that "in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices, as the natural lay of the land requires, for the necessary drainage thereof." In the construction under consideration, this statute was violated. No sufficient escape for the surface water was provided, and it is no answer to say, as appellant does, that appellee might easily and cheaply have provided an outlet along Calhoun Street. No authority in appellee to enter Calhoun Street and so do is shown. And under the statute it was appellant's duty and not the duty of another to provide all waterways made necessary by the construction of its switch track. Nor do we think appellant is relieved from liability by the fact that the earth and other material deposited on block 48 was excavated and removed from

points on other blocks farther north not adjacent to appellee's premises. In part, at least, such material seems to have been used in leveling up that part of the new roadbed located on block 48, and the whole was necessarily removed in the construction of the remainder. The removal and deposit some place where it would not impede the use of the switch and other tracks was as necessary as other parts of the construction, and if appellant in thus caring for the refuse material chose to deposit it on block 48 without first preparing sufficient escapes for surface water thereby obstructed, it is liable for the consequences. In other words, the fill on block 48 was an integral part of the construction of an entirely new roadbed, and hence within the statute quoted. (Gulf, C. & S. F. Ry. Co. v. Necco, 15 S. W. Rep., 1102; same case, 18 S. W. Rep., 564; Bishop, Non-Con. Law, sec. 829.)

The only remaining question presented by the assignments of error not disposed of by what we have said, is whether appellee was entitled to recover, as he did, for the personal inconvenience and annoyance of himself and family from noise, cinders, etc., caused by the use of the new switch. We are of opinion that under constitutional and statutory provisions which need not be cited, appellant has the right to use its switch tracks in the prosecution of its business without liability for penalty or damage, as for a wrong, so long as such use is reasonable and it does not amount to an actionable nuisance. Appellee did not allege that appellant used the track mentioned in an unreasonable manner or to an unnecessary or unreasonable extent. In other words, appellee did not allege that the use made constituted a nuisance, and the case was not submitted upon any such theory. We hence conclude that the case is one where there is a mere increase, in a necessary and reasonable way, in the use of a lawful right long previously acquired, for which appellee is not entitled to recover. See St. Louis, S. F. & T. Ry. Co. v. Shaw, 92 S. W. Rep., 30; Oklahoma C. & T. Ry. v. Dunham, 13 Texas Ct. Rep., 644, and authorities cited on page 646. The error here noted, however, may be cured by a remittitur, and it is therefore ordered that the judgment be reversed and the cause remanded unless appellee within ten days file a remittitur of his recovery for personal inconvenience, etc., in which event the judgment for damage to his premises will be affirmed.

*Affirmed in part.*

Writ of error refused.