TEXAS & PACIFIC RAILWAY COMPANY v. W. R. EDRINGTON.

No. 1658.   Decided April 17, 1907.

**1.—Railway—Water Tank—Nuisance—Limitation.**

The possession and use of its right of way by a railway company for twenty years constituted no defense by limitation to an action for damages by its subsequent erection and use of water tanks thereon creating a nuisance to adjoining property, as the cause of action did not arise till their erection. (Pp. 497–499.)

**2.—Railway—Nuisance—Water Tanks.**

The erection and use of a railway company of water tanks upon its right of way, for supplying its engines with water is actionable if it constitutes a nuisance depreciating the value of neighboring property, though they were necessary for the use of the road and used with due care. (Pp. 497–499.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*T. J. Freeman, W. L. Hall and Spoonts, Thompson & Barwise,* for appellant.—It appeared that the land upon which said tanks were erected was a part of the right of way of appellant company and had been operated and used as a right of way for more than twenty years before Edrington purchased his property, and any claim for damages

for careful use of said right of way was barred by limitation, and the court should have so charged.

Appellant having obtained its right of way, it had the right to erect and maintain all necessary and convenient buildings and fixtures for the accommodation and use of the operation of its railway; and the erection and use of water tanks upon same, when operated in a careful and proper manner, is merely an increased use for which no claim for damages can be allowed. Rev. Stats., art. 4483; Missouri, K. & T. Ry. Co. v. Mott, 10 Texas Ct. Rep., 445; Calcasieu Lumber Co. v. Harris, 77 Texas, 23; San Antonio, etc., Ry. Co. v. Faires, 26 S. W. Rep., 82; St. Louis, S. F. & T. Ry. Co. v. Shaw, 92 S. W. Rep., 30; Oklahoma C. Ry. Co. v. Dunham, 13 Texas Ct. Rep., 645; Grossman v. Houston, O. L. & M. P. Ry. Co., 15 Texas Ct. Rep., 572; Cassidy v. Old Colony Ry. Co., 141 Mass., 177; Boston v. Richardson, 13 Allen, 146-160; Lewis Em. Domain (2d ed.), sec. 576; Oklahoma, C. & T. Ry. Co. v. Scarbrough, 16 Texas Ct. Rep., 506; Louisville & N. Ry. Co. v. Scomp, 98 S. W. Rep., 1024.

*Robert G. Johnson,* for appellee.—Appellant, under its deed, having no right to devote the right of way to the additional use for tanks, limitation as against damages for such use did not begin to run, if at all, until that use was begun. Const., art. 1, sec. 17; Rev. Stats., arts. 4445, 4447, 4483; Rainey v. Red River, T. & S. Ry. Co., 89 S. W. Rep., 771; Foster v. Chicago, R. I. & T. Ry. Co., 31 S. W. Rep., 529; Muhle v. New York, T. & M. Ry. Co., 86 Texas, 462; Grossman v. Houston, O. L. & M. P. Ry. Co., 15 Texas Ct. Rep., 573; Calcasieu L. Co. v. Harris, 13 S. W. Rep., 453; Fort Worth Ice Co. v. Chicago, R. I. & T. Ry. Co., 33 S. W. Rep., 159; Missouri, K. & T. Ry Co. v. Mott, 81 S. W. Rep., 286.

What is the line of distinction between an injury growing out of a nuisance from the use of water tanks with ordinary care and an injury growing out of the proper use of stock pens? By what authority or course of reasoning will this court say that the one is damnum absque injuria and the other is damnum cum injuria? Appellant has not pointed out the way in its brief, and we do not believe the way exists. Coal yards, Dainels v. Fort Worth & R. G. Ry., 96 Texas, 327; stock pens, Missouri, K. & T. Ry. v. Mott, 81 S. W. Rep., 286, and water tanks, this case, are all necessary adjuncts to the proper conduct of a railway's business; but for the privilege of the use of the coal yards and stock pens the railway must pay to the adjacent property owners the resulting damages. Why not also pay for the damages from the use of tanks?

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals of the Second Supreme Judicial District, as follows:

"W. R. Edrington, appellee in the above styled cause now pending before this court on appeal, instituted suit in the District Court of Tarrant County against the Texas & Pacific Railway Company, the appellant, to recover damages under the following circumstances:

"Appellee alleged that he was the owner of a piece of property near

the western limits of the city of Fort Worth and about two hundred and fifty feet from the tracks of the said railway company, and upon a part of which he had his homestead; that the railway company, after the purchase by him of said property and the erection of his homestead, erected two large water tanks on its right of way almost immediately south of his residence and within about the distance above mentioned. His allegations were sufficient to show, and his evidence would have supported a finding, that the erection and use of said water tanks by appellant constituted a nuisance as to him and his property, entitling him to damages if appellant is not relieved by reason of the following further facts. The pleadings of appellant and the undisputed facts show that it had acquired its right of way where said tanks were situated, and had been operating its railway more than twenty years prior to the filing of this suit, though the tanks themselves had been constructed only about one month. It also alleged, and its evidence tended to show, that it had built said water tanks in a proper manner and exercised proper care in their use, and further, that the use of said water tanks was reasonable and necessary for the proper transaction and carrying on of its business.

"The court instructed the jury as follows: 'If you believe from the evidence that the supplying of water to defendant's engines from the water tanks alleged in plaintiff's petition, with the exercise of ordinary care necessarily produces smoke and noise to such an extent as to cause personal discomfort and annoyance to any persons who should occupy plaintiff's property alleged in his petition to be his home, and that by reason thereof the market value of said property has been depreciated, then you will find for plaintiff damages for such depreciation the measure of which would be the difference, if any, between the reasonable market value of said property immediately before and after the erection and beginning of the use of said tanks for said purposes; and in estimating the market value of said property before the erection of said tanks you will take into consideration any depreciation of said value by the operation of trains and locomotives on the Fort Worth & Rio Grande Railway and the Texas & Pacific Railway, if you believe that the same did depreciate its value.' Upon this charge the verdict of the jury in appellee's favor was necessarily based.

"Appellant requested the following charge, which was refused: 'The jury are instructed that defendant, the Texas & Pacific Railway Company, had the right to construct its water tank at the place same was constructed, provided same was reasonably necessary to the use and operation of its railway, and to put same to a reasonable use. If the jury therefore find that it was reasonably necessary for the use and operation of its railway to erect and use said water tank, and that the defendant, through its agents and servants, in using the water from said water tanks, exercised ordinary care with reference to the handling of its engines and the time and manner occupied in taking water from said tanks and in going to and from same, then, under such circumstances, although the jury may find that such use and such circumstances became and was a detriment to plaintiff's property, yet plaintiff is not entitled to recover for such damages, and the jury will so find.'

"Appellant has assigned error both to the giving of the court's charge

and to the refusal of the requested charge, and we deem it proper, therefore, to certify to Your Honors for decision the following questions: First. Did the court err in giving the charge quoted, thus ignoring the issue of limitation which was properly pleaded by appellant, and assuming that a reasonable necessity for the location of the water tanks at the point where they were located would be no defense to appellee's action? Second. If not included in the above, then did the court err in refusing the requested charge submitting the defense of reasonable necessity for the location of the water tanks at the point where they were located?"

To both questions we answer, the facts certified did not raise the issue of limitation, and the court did not err in refusing to instruct the jury upon it. The cause of action in this case arose when the water tank was built and was operated, and of course there could have been no suit before the injury was inflicted. (Grossman v. Houston, O. L. & M. P. Ry. Co., 15 Texas Ct. Rep., 672.)

Article 1, section 17 of the Constitution of this State contains this language: "No person's property shall . . . be damaged . . . for public use without adequate compensation being made, unless by the consent of such person." Under this provision of the Constitution our courts have uniformly held that neither the necessity for the structure nor the manner in which it was used, constitute a defense to a claim by the owner for compensation for depreciation in the value of his property. (Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 169; Grossman v. Houston, etc., Ry. Co., cited above; Rainey v. Red River, T. & S. Ry. Co., 13 Texas Ct. Rep., 993.)

The court did not err in refusing to give the charge stated in the question.