Ollie Schueller v. San Antonio & Aransas Pass Railway Company.

Decided May 15, 1907.

**1.—Railroad—Damage to Property—Limitation.**

Limitation begins to run against a claim for damages to adjacent private property not necessarily from the time the railroad is constructed, but from the time when, by reason of the use to which the road is put, the property is damaged.

**2.—Same.**

Where a railroad company constructed a spur track near plaintiff's property and used the same only occasionally and for light trains from which no injury resulted to said property, but afterwards extended the track so as to connect with the main line of another railroad and used it as a thoroughfare for long and heavy trains whereby plaintiff's property was damaged, plaintiff's cause of action did not arise until the damage accrued, and the period of limitations should be computed from that time.

Appeal from the 61st District Court, Harris County. Tried below before Hon. Norman G. Kittrell.

*Byers & Byers,* for appellant.—Where the injuries complained of, and which caused damage to the property, did not arise out of the act of constructing the railroad track, but from the use subsequently made of such track, and such damages from the user occurred within the period of two years prior to the filing of plaintiff's petition, the owner is entitled to recover for such injuries. Grossman v. Houston, O. L. & M. P. Ry. Co., 99 Texas, 641; Gulf, W. T. P. Ry. Co. v. Goldman, 28 S. W. Rep., 267; Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 170; Water Works v. Kennedy, 70 Texas, 239; Backhouse v. Bonomi, 9 H. L. Cases, 503 (cited and explained in Water Works v. Kennedy, *supra*); Doran v. Seattle, 54 L. R. A., 535; Sutherland Dam. (2d ed.), sec. 1037; Wood's Law of Nuisances (2d ed.), sec. 865; 19 Am. & Eng. Ency. Law (2d ed.), 195 and 200; 21 Am. & Eng. Ency. Law (2d ed.), 724 and 735, also 698; 10 Am. & Eng. Ency. Law (2d ed.), 1114.

*Baker, Botts, Parker & Garwood,* for appellee.—The undisputed evidence showed that the track of the defendant was laid alongside of plaintiff's property in 1895; that trains were operated over it

from that time on; that plaintiff's property was damaged as soon as the tracks were laid, and the cause of action set up in the petition was barred by limitation. 3 Elliott on Railroads, pp. 1453, 1409; White v. Chicago, etc., R. R. Co., 122 Ind., 317; 10 Am. & Eng. Encyc. of Law, 1173; Wood's Railway Law, p. 896; Sullivan v. Missouri, K. & T. Ry. Co. of Texas, 68 S. W. Rep., 745.

FLY, ASSOCIATE JUSTICE.—Appellant instituted suit to recover damages arising from the manner in which appellee used its track which was constructed from twenty-five to fifty feet from her houses in the city of Houston. She alleged that previous to 1903 the use of the track and operation of the cars of appellee were not injurious, but that since February, 1903, appellee had changed the use of its track in such a manner as to greatly damage her property. The damages to the property were alleged in detail. Appellee answered by general and special exceptions, general denial and plea of limitation of two years.

After hearing the evidence the court charged the jury as follows: "The petition of plaintiff shows that the injury of which she complains was done about eight years after the road was placed near her property and the proof shows that there was some depreciation of the value of the property as soon as the road was laid; she therefore had a right of action at that time and a recovery then would have included all the damages she now sues for, therefore, although the uncontradicted proof shows damage to her property, the law is that limitation has barred her action. You will, therefore, return your verdict for the defendant." In response to that charge a verdict was returned for appellee and judgment rendered thereon.

The evidence clearly indicated that the road was built in 1895 within thirty to fifty feet of appellant's property, and was used as a kind of spur or switch that went to a packing house and compress, but it was afterward connected with the Southern Pacific and in the fall of 1902, the company began to use it for heavy traffic and the vibrations which caused the damage began and increased until in 1904 when more trains were put on and the spur was used as a main track, and then one cottage was jarred off of its brick pillars, the wallpaper was cracked, the doors so shaken that they would not shut and one house was made a wreck. It was testified by appellant that the damages had arisen from a change in the manner in which the road was used different from that in which it was used for several years after its construction.

The claim in this case is that neither the original construction of the spur track, nor its change into a connection with another railroad, damaged or injured appellant's property, and that if it did she is not suing for damages arising from such construction, but for damages arising from the manner in which the railroad was used long after its construction. The evidence of appellant showed that the original construction of the railroad in close proximity to her houses did not cause any inconvenience, and if her evidence is to be credited there was no damage to her houses until in the fall of 1902 when appellee first began to use double headers.

There can be no doubt that if any inquiry resulted to appellant from the construction of the track in proximity to her property the injury was a permanent one and appellant had the right at the time of construction to sue for and recover all damages that had accrued or that might accrue from such construction, and it might be, although we do not so hold, that such damage would include all items resulting from smoke, jarring of the building and inconvenience from noises from the use of such track for its original purpose, namely, as a spur running to a cotton compress. The contention is, however, that the construction of the spur track carried with it all prospective damages that might arise years thereafter when the spur was changed into a line connecting the line of appellee with a great system of railroads and when the uses were changed from the transportation of a few cars daily to and from the compress to a thoroughfare for mighty trains hauled by two engines.

The rule is that the cause of action and the damages recoverable therefor are an entirety. The party injured must demand all the damages which he has suffered or will suffer from the wrongful act of which he makes complaint. When the injury arises from the construction of a railway, which is necessarily permanent, in its character and for which the entire damages might be had in one action, the statute of limitation will begin to run from the time of such construction. Lyles v. Texas & N. O. Ry., 73 Texas, 95. The case of Houston Water Works v. Kennedy, 70 Texas, 233, is cited with approval in the Lyles case, and in it the English case of Backhouse v. Bonomi (9 H. L. Cases, 503) is approved. In the English case the plaintiff owned a house under which the defendant owned and worked a mine as he did under contiguous property. While working under the contiguous lands, the defendant removed the pillars which supported the earth and caused the contiguous land to sink until it affected the plaintiff's land on which his house stood. More than six years after the land of the plaintiff began to be affected, but in less than six years after the house was damaged the suit was brought, and the House of Lords held that the cause of action did not accrue until the injury to the house was sustained. In the Kennedy case it was held that when an act is in itself lawful as to the person who bases an action on subsequent injuries consequent upon the act, the cause of action does not accrue until the injury is sustained.

In the case now before this court, appellee had built its road over its own land in proximity to the land of appellant, as it had the right to do, and it afterwards extended the road so as to connect with another railroad, as it was authorized to do. The building of the road and its extension was not of itself a nuisance. When that road was built and when extended not a single right of appellant had been invaded and appellant had no cause of action against appellee. It would be preposterous to hold that the cause of action accrued at that time when there was absolutely no injury inflicted. For what would appellant have sued? For the road being constructed on appellee's own land? That could not have formed the basis for an action. For noise and vibration? Appellant swore that there was none. If the evidence of appellant is to be credited, and

that is a question to be determined by a jury and not by a court, no injury was inflicted upon her property until the fall of 1902, and consequently until that time she had no cause of action. Austin & N. W. Ry. v. Anderson, 79 Texas, 427; Kruegel v. Trinity Cemetery Co. (Texas Civ. App.), 63 S. W. Rep., 652.

The injuries, claimed by appellant to have been inflicted by appellee upon her property, were dependent upon the use made by appellee of its railroad, and were not continuous and permanent injuries arising from the construction of the railroad, but if continuous and permanent they arose from a use of the railroad that was not begun until a time within two years of the institution of the suit. These facts bring it within the purview of Gainesville, H. & W. Ry. v. Hall, 78 Texas, 169, in which it is held that the prosecution of a business by a person upon his own land which by reason of the smoke, noise and vibration caused by the operation of powerful machinery materially diminished the value of the land of another, is a nuisance. In that case the railroad company took no part of the complainant's land, but constructed its road about twenty-six feet from it, and the damages were claimed by reason of the vibration, noise, smoke, noxious vapors, and cinders incident to the running of trains over the road. In speaking of such a case it was said in Gulf, W. T. & P. Ry. v. Goldman, 8 Texas Civ. App., 259: "While the condition which caused the injuries to appellant was in its nature permanent, the injuries themselves were occasional and recurring." The cases of City of Houston v. Parr (Texas Civ. App.), 47 S. W. Rep., 393, and Galveston, H. & S. A. Ry. v. Miller (Texas Civ. App.), 93 S. W. Rep., 177, will serve to throw some light on the points at issue.

In the the case of Grossman v. Houston, O. L. & M. P., 92 S. W. Rep., 836, the road was built in 1889. It was lawfully and properly constructed and such construction caused no damage to the plaintiff. In that case as in this the business over the road became heavier and the discomfort and annoyance to those occupying contiguous property were greatly increased. The plaintiff obtained judgment for damages arising from the use of the railroad, but on appeal to the Court of Civil Appeals the judgment was reversed and judgment rendered for the railway company on the ground that the cause of action was barred by limitation of two years. The Supreme Court reversed the judgment, saying: "The damages sued for in this case did not arise until within two years prior to the institution of this suit, and did not arise out of the act of constructing the railway track in the street, but from the use that was subsequently made of that track and is strictly in the line of Railway v. Goldman, before cited." The court held that the depreciation of the value of the property was recoverable under article 1, section 17, of the State Constitution. That case is decisive of this.

The court erred in instructing the jury to return a verdict for appellee, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*