MRS. B. P. M. HUTCHESON ET AL. v. INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY.

No. 1957. Decided May 19, 1909.

**1.—Pleading—Alternative Allegations.**

Pleading seeking judgment on different grounds, in case plaintiff be held not entitled to recover on the facts first alleged, becomes immaterial where the first count shows a good cause for action. (Pp. 474, 475.)

**2.—Railway in Street—Change in Use.**

Where a suburban line in a public street used at first only for transportation of passengers, and subsequently for some slight freight traffic also passed to the ownership of a railroad company which used it for the movement of heavy and frequent freight trains, causing increased vibration, noise, smoke, etc., the owner of abutting property had an action for the diminution in its value by such change in the use of the road. (Pp. 475, 476.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

Mrs. Hutcheson, joined by her husband, sued the railway company for injury to her property. Judgment went for defendant and was affirmed on appeal. Appellant, the plaintiff below, then obtained writ of error.

*Hutcheson, Campbell & Hutcheson,* for plaintiffs in error.—It is

fundamental that a court is authorized in instructing a verdict in a case tried to a jury, only where the evidence is such that reasonable minds can not differ in the conclusions to be drawn from it, and the evidence in this case was such as to demand submission of the issue to the jury as to the time when plaintiff's injury first occurred and her cause of action accrued. On duty of the court to submit, where any evidence, to raise the issue: Harpold v. Moss, 109 S. W., 928; Wallace v. So. Cotton Oil Co., 91 Texas, 18; Eastham v. Hunter, 98 Texas, 560. That the evidence in this case required the submission of the issue: Grossman v. H. O. L. & M. P. R. R. Co., 99 Texas, 641, overruling H. O. L. & M. P. R. R. Co. v. Grossman, 89 S. W., 312.

It is the law that where an abutter does not claim to have been injured by the operation of a road either prior to or during the receivership, where she never asserts or claims or brings any action, not considering that her property is damaged, and where, afterwards, a purchaser at a receivership sale of the property of that company, so operates in front of her property as to cause damage the owner may recover therefor. That the use and operation of a railroad so as to cause damage to abutting property is a nuisance, and though not subject to abatement, because legalized, is made compensable in damages by the Constitution. Gainesville, H. & W. Ry. v. Hall, 78 Texas, 173-4; Rainey v. Railway, 99 Texas, 276; Railway Co. v. Anderson, 36 Texas Civ. App., 121; Galveston, H. & S. A. Ry. Co. v. Miller, 93 S. W., 177. That the continuer of a nuisance is equally liable in damages with the creator of it, to one who has not been compensated. Electric Co. v. Porter, 47 N. E., 207; King v. Vicksburg L. R. & L. Co., 6 L. R. A. (N. S.), 1038; Central Consumers Co. v. Pinkert, 92 S. W., 957; Hunt v. Iowa Central R. R. Co., 54 Am. St., 473; Townes v. City Council, 29 S. E., 854; Geiger v. Wabash Western R. R. Co., 40 Mo. App., 433; Teas v. McDonald, 13 Texas, 353; Floyd v. Patterson, 72 Texas, 202; Compton v. Ashley, 28 S. W., 224; San Antonio v. Potter, 31 Texas Civ. App., 263.

Plaintiff was entitled to plead the facts of her case, as she understood them to be, and was entitled to pray in the alternative for such relief as she might be entitled to on the facts, as they might develop, and on the law, as it might be held by the court, and her pleading in the alternative was not improper, but proper and allowable in this character of case, and under the authorities of this State.

*King & Morris* and *Wilson & Dabney*, for defendant in error.— When an abutting land owner, on a street on which there is a commercial railroad, having powers as a public carrier to do a passenger and freight business, is injured in the value of his abutting property by the non tortious existence or operation of such railway, in the exercise of its legal powers as a public carrier, such injury is a permanent damage to the real estate, and there is one entire action not only for present operation, but also for all injuries through such future operation of the railroad and its successors. Lyles v. Railway, 73 Texas, 95; Settegast v. H. O. L. & M. P. Ry. Co., 87 S.

W., 197; Frankle v. Jackson, 30 Fed., 399; Missouri, K. & T. Ry. Co. v. Graham, 12 Texas Civ. App., 54; Rosenthal v. Railway, 79 Texas, 325; Powers v. Council Bluffs, 45 Iowa, 652; Railway v. Loeb, 118 Ill., 203; Railway v. McAuley, 121 Ill., 160.

Such a right of action by the abutting land owner is personal, and is not secured by a lien, the road being confined to the street and none of the abutting land owner's property being taken, and this is the law irrespective of the ownership or not by the abutting land owner of the fee of the street subject to the public use to which it was dedicated; and, therefore, it results that, at a receivership sale, free of all claims, or such a sale not expressly subject to the claims unsecured by liens, the purchaser of the franchise and subsequent corporations operating the property and franchises take the property free of all claims which might have been asserted by an action against the original carrier; and that the owner of the present claim has lost the right of relief by not suing the original corporation and by not having the sale made subject to the claim, or in some way preserving her rights in the receivership foreclosure and sale proceedings. Settegast v. H. O. L. and M. P. Ry. Co., 87 S. W., 197; Railway Co. v. Shirley, 54 Texas, 137; Railway Co. v. Newell, 73 Texas, 334; Williams v. Texas Midland Ry. Co., 22 Texas Civ. App., 278; Hammond v. Tarver, 11 Texas Civ. App., 48; Eddy & Cross, Receivers, v. Hinnant, 82 Texas, 357; Texas Trunk Ry. v. Lewis, 81 Texas, 1; Houston & T. C. Ry. v. Crawford, 88 Texas, 278; Texas Central Ry. v. Lyons, 34 S. W., 362; Houston E. & W. T. Ry. v. Keller, 8 Texas Civ. App., 537; Howe v. St. Clair, 8 Texas Civ. App., 101; Houston E. & W. T. Ry. v. Norris, 41 S. W., 708; Hicks v. Railway, 62 Texas, 38.

The plaintiffs having only one entire cause of action for permanent damages, if any there were, the allegations as to damages on four different periods are contradictory and inconsistent to an extent that none of them are susceptible of proof or capable of being charged to the jury, and were all incapable of sustaining a judgment for the plaintiff, wherefore no judgment in this case could have been entered except for the defendant, and on this ground, without reference to our other propositions, a peremptory charge by the court to the jury, and a judgment for the defendant, is supported. Barry v. Screwmen's Association, 67 Texas, 253-5; Rowe v. Horton, 65 Texas, 89.

The series of cases ruling that the action arose when the track was laid, and before a wheel was turned on it, for permanent damage, if it arose at all, constitute a great array, and have the weightiest support of Judge Brewer, now of the Supreme Court of the United States, and other strong judges. We cite a few of them, not to combat the Grossman case, but to show that necessarily our position is correct, that at least future operations are to be considered when directly drawn into the trial. Frankle v. Jackson, 30 Fed., 399-400; Railway v. Andrews, 26 Kan., 710; Railway v. Twine, 23 Kas., 420; Lohr v. Railroad, 10 N. E., 528; Troy v. Railroad, 23 N. H., 55 Am. Dec., 187; Railway v. Combs, 10 Bush., 382, 19 Am. Rep., 74; Railway v. Loeb, 59 Am. Rep., 344, 118 Ill., 203.

When the fee to the street is in the adjoining land owner, he having deeded it to the city for street purposes, the land so conveyed to the city for a street is conveyed for all time, and compensation is made to the owner once for all. The city being vested by law with the exclusive control of the streets, and having the sole right to grant to the railroad a franchise, to operate in the street, the right to grant the railway franchise is implied in the grant of the land for street purposes. The adjoining land owner can not in Texas require that his rights in the street be compensated through condemnation before the road is entitled to be constructed on the street; nor can he enjoin the construction of the road until his damages are paid. His sole right in the premises is a right of action for consequential damages, and his damages are measured whenever his cause of action arises and bears interest from that date. In no sense is his property "taken," in the language of the Constitution. Rische v. Transportation Co., 27 Texas Civ. App., 33; Settegast v. H. O. L. and M. P. R. R. Co., 87 S. W., 201.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was instituted by Mrs. Hutcheson, joined by her husband, to recover damages for the operation of a railroad on a street in front of her property. She avers the ownership of the property; and that the I. & G. N. Railroad, since it became the owner of the property in 1903, had changed its road from an ordinary street railway to a commercial enterprise and a part of a great system, and by reason of the heavy trains that were run over the tracks, causing vibration of the soil, disagreeable noises, smoke and cinders, renders the property less desirable for a residence. She also avers, in the alternative, that if she be mistaken in her view that plaintiff's cause of action accrued in 1903, when the I. & G. N. R. R. Co. commenced to operate said road, then plaintiff be given judgment for the difference between the value of her property at said date with the railroad as constructed there and with same not there, with interest on said award from that date until paid at 6 percent per annum, which said amount with interest plaintiff alleges to be $15,000. Plaintiff further prays that in the third alternative if neither of her said views as to her measure of damages are correct, and plaintiff's cause of action be held to have accrued when the road was operated and reconstructed by the Houston, Oak Lawn & Magnolia Park R. R. Company, that she then be given judgment for the difference between the value of her land at such date, with the railroad as constructed there and were railroad not there, with 6 percent interest on same from that date, which amount plaintiff alleges to be $15,000. And in the fourth alternative plaintiff alleges that if she be mistaken in her three preceding views of her measure of damages, and if it be held that her cause of action accrued in 1891, when the Houston Belt & Magnolia Park R. R. Co., laid its tracks, and commenced its operation, that she be given judgment for the difference between the value of her said premises with the railroad there as constructed and were railroad not there, with in-

terest on same from that date at the rate of 6 percent per annum, which plaintiff alleges to be $15,000.

After having introduced her evidence in the case the court instructed a verdict against her, and judgment was rendered accordingly. This judgment was affirmed by the Court of Civil Appeals. In this we think there was error.

The Court of Civil Appeals seems to hold that by reason of the fact that the Houston Belt & Magnolia Park Railroad laid its tracks and commenced to run its trains by dummies or by light engines on Commerce Street in 1891, in front of plaintiff's property, and that the road was put in the hands of a receiver, and before it was sold out by the receiver the creditors were all invited to intervene in the suit and set up their claims, if any they had, and that as plaintiff failed to intervene in the suit and assert her claim, she therefore could not bring an action for damages.

It was proved that in 1891 the H., B. & M. P. R. R. Co. was granted a right of way over Commerce Street, which divides plaintiffs' property; that this was a short road and engaged principally in the carriage of passengers between the city and Magnolia Park; that a receiver was appointed of its property and the road and its property were sold by order of the court by the receiver. The property passed to the H. O. L. & M. P. R. R. Co., who operated it until 1901, when it was sold to the I. & G. N. R. R. Co. The operation of the H. B. & M. P. R. R. Co. was slight and dummy or light engines were used. When the H. O. L. & M. P. R. R. Co. took charge larger engines were used, and some freight was hauled over the road. When the I. & G. N. R. R. Co. became the possessor, the road was converted into a part of the system, and the company used it with great commercial engines for transportation of freight day and night, and there was evidence as to the depreciation in value by reason of the operation of that road.

We attach but little importance to the alternative prayers for relief. The first averment in the petition sets forth the cause of action and there is a prayer for the recovery of damages upon that. Then follows a prayer that if the plaintiff be not entitled to recover damages as first claimed, she have a recovery of damages from the first construction of the railroad. And so also as to the third and fourth alternative prayers. The alternative prayers, all being that if plaintiff was not entitled to recover upon her first allegations, then that she have a recovery for the construction and operation of the H., B. & M. P. R. R. Co., and so as to the other alternative prayers.

Now, since we think that the allegations in the petition preceding the first prayer stated a cause of action, it seems to us the other alternative prayers go out of the case. In her main allegation the plaintiff avers that the H., B. & M. P. R. R. Co. constructed a dummy line for the carriage of passengers, but that this did not damage her property, that this was put into the hands of a receiver and was sold and that at a sale of the property the H., O. L. & M. P. R. R. Co. became the owner who operated the road for the carriage of freight, using the usual locomotive engines for the purpose of mov-

ing its cars—that this use was slight—and that subsequently the I. & G. N. R. R. Co. became the purchaser of said road and proceeded to operate it as a part of its great system and to run every day and night heavily laden trains which created vibrations and noises and obnoxious smoke and depreciated the value of the property in the sum of $15,000.

The case of Gulf, C. & S. F. Ry. Co. v. Necco (15 S. W., 1102) (which has never been officially reported, but which is a decision of this court), is authority for holding that while the construction and operation of a single track over a street in front of a man's property creates no damage, the construction of a multiplicity of tracks may become a nuisance, and the injured party is entitled to recover therefor. So we think that the slight operation of a single line of railroad may be so trivial that no person could be expected to sue for damages therefor, yet the use may become so constant and frequent as to severely impair the desirability of adjacent property as a place of residence. In Grossman v. Houston, O. L. & M. P. Co., 99 Texas, 641, it was held that where the increased burden of the business of a railroad company depreciated the value of the neighboring property the owner may bring suit and recover for the depreciation in the value of the property.

The Court of Civil Appeals held in this case that since the damages were originally inflicted by the H., B. & M. P. R. R. Co., and since the property of that company was sold in the receivership proceedings, and since all persons having claims against the company were ordered to present them to the court for the purpose of adjudication, and since Mrs. Hutcheson had never presented her claim, therefore she was barred as to past as well as future damages. This may do as to the damages to the corner lot caused by the prolongation of the railroad approaching its corner. But it will not do as to the damages caused by the I. & G. N. R. R. Co. extending the business of the railroad by increase of traffic and running its trains day and night.

We are of opinion that the plaintiff is entitled to recover for the damage to her property by reason of the vibration, noise and smoke of the engines of the I. & G. N. R. R. Co., as alleged by her, or, at least, to have a jury pass upon the issues; and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*