UVALDE ELECTRIC LIGHT CO. v. PARSONS et al.†

(Court of Civil Appeals of Texas. San Antonio. April 26, 1911. On Motion for Rehearing, May 24, 1911.)

1. JUDGMENT (§ 598*) — PRIVATE NUISANCE— SUCCESSIVE ACTIONS.

Where a nuisance is of a permanent character inflicting damages of a permanent nature, a recovery for the entire damages must be had in one action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1113; Dec. Dig. § 598;* Nuisance, Cent. Dig. § 100.]

2. LIMITATION OF ACTIONS (§ 55*) — PRIVATE NUISANCE—TIME TO SUE.

Where a nuisance is of a permanent character, inflicting damages of a permanent nature, a cause of action therefor accrues at the time of the creation of the nuisance, and limitations begin to run from that time.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 304–305; Dec. Dig. § 55.*]

3. JUDGMENT (§ 606*) — CONTINUING NUISANCE.

Every continuance of a continuing nuisance, as distinguished from a permanent nuisance, is a new nuisance, for which a new action lies, though an action for the original nuisance is barred by limitations, and an action lies for every continuance for the damages accruing within the period of limitations.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1120; Dec. Dig. § 606.*]

4. JUDGMENT (§ 606*) — PERMANENT NUISANCE —ABATEMENT—"CONTINUING NUISANCE."

A nuisance which may be abated by law is a continuing nuisance, for which successive actions for damages occasioned by it may be maintained from time to time as they are inflicted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1120; Dec. Dig. § 606.*]

For other definitions, see Words and Phrases, vol. 2, p. 1509; vol. 8, p. 7615.]

5. LIMITATION OF ACTIONS (§ 55*) — PERMANENT NUISANCE—ABATEMENT.

Where no change in the use of an electric light and ice plant or any injury flowing therefrom occurred during its maintenance, but the same conditions flowing as the natural result from its operation continued unbroken, and such conditions would likely continue for an indefinite time, the nuisance, if any, resulting from the operation of the plant, was of a permanent character, and limitations began to run from the time of its creation as against one affected thereby.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

6. NUISANCE (§ 3*) — PRIVATE NUISANCE— ACTS CONSTITUTING.

Neither the erection nor the operation of an electric light and ice plant is of itself a nuisance, but may become one by the way it is maintained and operated, but personal inconvenience and discomfort of persons residing near it, caused by its lawful and proper operation, do not justify an action for a nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

7. PLEADING (§ 228*) — EXCEPTIONS — RULINGS.

The sufficiency of a pleading as against an exception must be judged by its allegations, and not by evidence offered after the exception has been passed on.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

Appeal from District Court, Uvalde County; R. H. Burney, Judge.

Action by W. H. Parsons and others against the Uvalde Electric Light Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Martin, Old & Martin, G. B. Fenley, and Claude Lawrence, for appellant. Love & Williams and Jno. W. Hill, for appellees.

NEILL, J. This suit was brought by W. H. Parsons and his wife, Alice, for themselves, and by W. H. Parsons, as next friend, for their several minor children, whose names need not be mentioned, against the Uvalde Electric Light Company to recover damages alleged to have been caused from its construction and operation of an electric light and ice plant in close proximity to certain lots owned by the two first-named parties, and on which they resided with their children and had their home. The defendant interposed a general demurrer, a number of special exceptions, among which was one that it appears that plaintiffs' action is barred by the two-year statute of limitation from the face of plaintiffs' second amended

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error granted by Supreme Court.

original petition, and then pleaded not guilty and the two-year statute of limitation. The case was tried before a jury and resulted in a judgment in favor of the two first-mentioned plaintiffs in the sum of $500 each, and that the minors recover nothing. The electric light company has appealed from the judgment recovered against it.

In the view we take of the case, we need only consider the assignment which complains of the court's overruling the special exception urged against the petition, upon the ground that it is apparent from its face that the cause of action it alleges is barred by the two-year statute. The petition in question shows that the suit was instituted by plaintiffs filing their original petition on June 2, 1909. It alleges substantially that on or about August 6, 1906, defendant located, erected, and put the plant in operation, and has since that date operated it for generating electricity and manufacturing ice on lots Nos. 457 and 461, in block No. 23, in the city of Uvalde; that the location of the plant is diagonally across the street southeast of plaintiffs' home, and about 75 feet from their front yard; that, in operating the plant, defendant runs a steam engine in which wood was first used up to June 5, 1907, after that coal was continuously used until February 1, 1909, when crude oil was substituted and has ever since been used for that purpose; that the maintenance and operation of said light and ice plant and burning such fuel have caused and causes immense quantities of smoke and soot to arise therefrom, and immense quantities of smoke, soot, cinders, ashes, gases, and odors have arisen therefrom since the date it was first put in operation; that its operation has produced and produces a great amount of noise, such as frequently blowing a whistle, consequent to running heavy machinery and exhaust of steam; that in maintaining and operating the plant quantities of waste water have been allowed to accumulate on defendant's premises, which has caused the breeding of mosquitoes and other malarious insects, and gives off nauseous odors; that all the above-mentioned evils render said plant objectionable, offensive, and a nuisance to plaintiffs, in that the smoke and soot settles on their house, trees, shrubbery, bedding, furniture, clothes, dishes, milk, and all other articles of food. Upon the foregoing allegations plaintiffs base their entire action for damages, which are alleged to be deterioration in value of the land on which they reside as their home, and personal discomfort to each of them. Was their cause of action, if any they had, barred by the two-year statute?

[1, 2] When the original nuisance is of a permanent rather than transient character so that the damage inflicted thereby is of a permanent nature, and will likely continue for an indefinite period, and during its existence deprive the landowner of any beneficial use of that portion of his estate affected by it, a recovery not only may, but must, be had for the entire damage in one action, as the damage is deemed to be original; and as the entire damage accrues from the time the nuisance is created, and only one recovery can be had, the statute of limitations begins to run from the time of its creation against the owner of the estate affected thereby. Waterworks v. Kennedy, 70 Tex. 234, 8 S. W. 36; Lyles v. T. & N. O. Ry., 73 Tex. 95, 11 S. W. 782; M., K. & T. Ry. v. Graham, 12 Tex. Civ. App. 54, 33 S. W. 577; Umscheid v. City of San Antonio, 69 S. W. 496; Sutherland v. G., H. & S. A. Ry. Co., 108 S. W. 969; Wood on Limit. (3d Ed.) § 108; Joyce, Nuis. § 459.

[3] But the rule in reference to acts amounting to a continuing as distinguished from a permanent nuisance seems to be that every continuance is a new nuisance for which a fresh action will lie, so that, although an action for the damages for the original nuisance may be barred, damages which accrued during such time as was not within such period as would bar the action may be recovered. For the continuance of that which was originally a nuisance is regarded as a new nuisance, and, although a recovery may be barred upon the original cause, an action may be brought at any time before an action is barred to recover such damages as have accrued by reason of it within the statutory period.

[4] If a nuisance is such as may be abated by law, it is not regarded as a permanent source of injury, but as a continuing nuisance, for which successive actions for damages occasioned by it may be brought and maintained from time to time as they are inflicted. This is illustrated by the opinions in those cases where damages accrue from the failure of a railroad company to construct its roadbed with the necessary culverts or sluices for drainage, as required by article 4436, Rev. Stats. 1895. See S. A. & A. P. Ry. Co. v. Kiersey, 98 Tex. 590, 86 S. W. 744; M., K. & T. Ry. Co. v. Bell, 93 S. W. 198; St. Louis Southwestern Ry. Co. v. Rollins, 89 S. W. 1099; I. & G. N. Ry. v. Walker, 97 S. W. 1081; M., K. & T. Ry. v. Arey, 100 S. W. 964; St. Louis Southwestern Ry. v. Long, 52 Tex. Civ. App. 42, 113 S. W. 316; Heilborn v. Railway, 52 Tex. Civ. App. 575, 113 S. W. 610, 979; Sanders v. Miller, 52 Tex. Civ. App. 372, 113 S. W. 999.

It does not appear from the plaintiffs' petition, as it does in the cases of Groosman v. H., O. L. & M. P. Ry. Co., 99 Tex. 641, 92 S. W. 836, T. & P. Ry. v. Edrington, 100 Tex. 496, 101 S. W. 441, 9 L. R. A. (N. S.) 988, Hutcheson v. I. & G. N. Ry., 102 Tex. 471, 119 S. W. 85, Connor v. I. & G. N. Ry., 129 S. W. 196, and Schueller v. S. A. & A. P. Ry., 46 Tex. Civ. App. 444, 102 S. W. 922, that there was any change in the use of

defendant's electric light and ice plant, or any injury occasioned by its operation different from that which obtained and ensued on August 6, 1906, when it was first put in operation.

[5] But it appears from it that the same conditions, flowing as a natural sequence from its operation, which then prevailed, continued unbroken by any change in its mode of operation or in its effect upon plaintiffs and their property from that time until this cause was tried in the court below, and will likely continue for an indefinite period. This brings the case squarely within the principle first enunciated in this opinion, and shows that the operation of the plant, if a nuisance, was a nuisance of permanent character.

[6] Neither the erection of an electric light and ice plant nor its operation is in and of itself a nuisance, but may become so by the way it is maintained and operated. It may be that, though maintained and operated with due regard to the rights of others, if another's property is injured in consequence, its owner may recover for its deterioration in value occasioned by such an injury; but it cannot be perceived why the personal inconvenience and discomforts of plaintiffs, caused by its lawful and proper operation, can any more confer upon them a right of action than if such inconveniences and discomforts had been caused by the legitimate operation of a railroad. It is generally held that, in the absence of negligence, a railroad company is not liable for personal inconveniences, discomforts, and annoyances caused by noise, cinders, smoke, soot, vibrations, etc., arising from the proper operation of its trains. St. Louis, S. F. Ry. Co. v. Shaw, 99 Tex. 559, 92 S. W. 30, 6 L. R. A. (N. S.) 245, 122 Am. St. Rep. 663; Oklahoma City Ry. Co. v. Dunham, 39 Tex. Civ. App. 575, 88 S. W. 849; Houston & T. C. Ry. v. Barr, 44 Tex. Civ. App. 571, 99 S. W. 438; Grossmann v. H. O. & L. M. P. Ry. Co., 99 Tex. 641, 92 S. W. 836.

In submitting the case, the trial court seemed to realize that plaintiffs' action for damages to their real property was barred by the statute of limitation, for it was not submitted on that ground, but only upon the ground of personal discomfort and annoyance of Parsons and his wife in the use and enjoyment of their home by reason of smoke, soot, and gases arising from the operation of defendant's light and ice plant and in going to their home and on their premises, which would seem, from the authorities just cited, to be no ground for a recovery of damages.

We therefore conclude that it appears from the allegations in plaintiffs' petition that their cause of action, if any they had, was barred by the two-year statute when this suit was brought, and that the court erred in not sustaining the special exception urged against it on that ground.

[7] We need not say that, when an exception is taken to the sufficiency of a pleading, it must be judged by its face, and not by evidence introduced after the exception has been passed upon by the trial court.

For the reason of the error indicated, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

JAMES, C. J. After reading the motion and the reply thereto, we are still of opinion that the statute of limitations began to run in plaintiff's cause of action for the effects of the smoke, dust, etc., complained of in the petition.

The petition shows upon its face that the plant erected by the appellant, and the consequences to plaintiff complained of from its use were permanent and continuing in their nature, and began and continued from 1906, the time the plant began its operation. The petition does not present a case of injurious effects recurring at intervals. We think it does not present a case in which successive actions are permitted or required.

A distinction exists between injuries that are permanent and those that are temporary. The injuries complained of were permanent in their nature. The law on the subject cannot be stated better by us than by referring to the factory cases. Virginia Hot Springs Co. v. McCray, 106 Va. 461, 56 S. E. 217, 10 L. R. A. (N. S.) 465, and cases there reviewed, and Fairbanks Co. v. Bahre, 213 Ill. 636, 73 N. E. 323.

Motion overruled.