## SOLOMON PARKS v. S. W. DIAL.

### (Case No. 221.)

1. ACTION — SET-OFF.— In a suit upon a contract to recover the contract price for specific articles delivered to defendant, no set-off for unliquidated damages, the right to which was assigned to defendant, and which accrued by trespass in procuring the specific articles, can be allowed.

2. TENANT IN COMMON — ACTION.— One tenant in common cannot maintain an action of trespass *quare clausum fregit* without joining his co-tenants in the suit.

3. CHARGE OF COURT — TRESPASS.— See opinion for a charge of court, affecting the right of action of a tenant in common, held erroneous.

APPEAL from Goliad. Tried below before the Hon. H. Clay Pleasants.

S. W. Dial brought suit against Solomon Parks to recover the value of certain timber taken from the lands of appellee, under a contract that Parks would pay him the reasonable value of such timber. By amended petition he represented that the Dial league of land situated in Goliad county had been theretofore partitioned into five parts; that he was the owner of the two lower subdivisions; that the next subdivision was owned by the orphan children of his deceased sister; that he owned the next or fourth subdivision, and that Mrs. Eastland owned the upper subdivision. By the contract appellant was to take the timber from the two lower subdivisions, and that he had done so, and admitted that he had taken therefrom about five thousand posts.

Parks answered by general denial; also that much of the timber taken by him was from Mrs. Eastland's tract and the other two subdivisions. He also pleaded in set-off a claim assigned to him by Eastland for timber taken by appellee from Mrs. Eastland's subdivision; that he had paid Eastland a valuable consideration for said claim, and had also paid him for all the timber that he, appellant, had taken from the Eastland land.

Appellee excepted to the plea of set-off, and the exception was sustained.

The cause was tried September 16, 1876, and resulted in a verdict and judgment against appellee for $400, etc., from which this appeal was taken.

The errors relied on were:

1st. The court erred in sustaining the exceptions to the plea of set-off.

2d. The court erred in certain sections of the charge, and refusing charges asked.

*Lackey*, for appellant.

*Lane & Payne*, for appellee.

WATTS, J. COM. APP.— This action was for the value of timber taken from the land of the plaintiff, upon an express promise to pay for the same. The set-off asserted by the defendant is a claim assigned to him by another against the plaintiff for unliquidated damages accruing to the assignor by reason of a trespass in cutting and removing timber from his land. This claim sought to be established as a set-off by appellant being for unliquidated damages for a trespass, the demurrer was properly sustained.

By the petition and amendments appellee sought to recover of the appellant the value of timber taken by the latter from the two lower subdivisions of the Dial league of land, upon an express promise upon the part of the appellant to pay the reasonable value therefor.

Upon the trial the evidence tended to establish that much of the timber sued for had been taken from two other subdivisions of said league, one of which belonged to the orphan children of the deceased sister of appellee, and of which children he was the guardian; the other subdivisions appellee owned with others as tenants in common. The court charged the jury that, "to entitle the plaintiff to recover in this suit, it is not necessary that he should be the whole or exclusive owner of the land from which the posts were taken, but it is sufficient if the plaintiff owns such land in common with others."

This charge was erroneous; for in the first place the appellee had by his amended petition restricted his right to recover for the timber taken from the two lower subdivisions of the league; whereas by the charge quoted above, the jury may have been mislead into believing that the appellant was also liable for the timber taken from all or any of the subdivisions of the league except that owned by Mrs. Eastland. This error is made more manifest by the next succeeding paragraph of the charge, wherein the jury are told that they cannot find against

the appellant for any timber taken from Mrs. Eastland's land. Taking those sections of the charge together, and the jury would be authorized to find against appellant for the value of the timber taken from either or all of the four lower subdivisions of the league.

According to the appellee's petition, the contract between himself and appellant with respect to the timber was confined to the two lower subdivisions of the league. If the appellant took timber from either of the other subdivisions then he committed a trespass, and would be liable to the owners thereof for the damages resulting from the wrongful act. As to one of these subdivisions, the evidence shows that appellee owned the same in common with other persons.

In May v. Slade, 24 Tex., 208, it is said: "That tenants in common must join in the action of trespass *quare clausum fregit* is well settled. There is nothing in our practice to require a departure from this rule of the common law; but there is great reason to adhere to it, to prevent multiplicity of suits and the inconvenience that would arise from the bringing of several suits, and allowing several recoveries for the same trespass. The objection of the nonjoinder of the co-tenant, it is true, can, in general, only be taken by plea in abatement, or by way of apportionment of the damages on the trial. But here the objection was apparent upon the face of the petition, and was therefore well taken by exception."

In the case before us the court goes outside of the case made by the pleading, and in so doing charged directly against the rule announced in the above case.

If the appellee had sued as guardian of the orphans, for the trespass upon that part of the land belonging to them, it does not admit of doubt but that he could have recovered whatever damages, if any, resulted from such trespass. As the suit was not thus brought, he was not entitled to a recovery in this action for the value of any

timber taken from that subdivision of the land by the appellant.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

(Associate Justice STAYTON did not sit in considering this opinion.)