GULF, WESTERN TEXAS & PACIFIC RAILWAY COMPANY
V. HERMAN GOLDMAN.

No. 657.

1. **Parties—Community Claim—Joinder of Wife.**—In an action for damages to community estate, the wife is not a necessary party, and upon her death it is not necessary to make her children parties plaintiff.

2. **Limitations—Nuisance Not at Once Causing Damage.**—Where defendant railway company made a ditch on its right of way, but failed to provide an outlet for it, so that water collected there, and thus later on lessened the value of a farm by rendering it unhealthy, limitations commenced to run when the deterioration in value of the farm began.

APPEAL from Victoria. Tried below before Hon. S. F. GRIMES.

*Proctors,* for appellant.—1. It is only where the cause of action survives to the surviving plaintiff that there is no necessity of making the representatives of a deceased plaintiff parties. 1 Sayles' Civ. Stats., arts. 1246, 1250.

2. The right to sue for damages for a tort is a chose in action, and property within the legal sense of the term as used in the statute. Ezell v. Dodson, 60 Texas, 332; Railway v. Freeman, 57 Texas, 158; 2 Bish. on Married Women, sec. 271; Railway v. Dunn, 52 Ill., 260.

3. A tenant in common must have his action only for his own damage, and must join with his cotenant in order to permit recovery of entire damages to property held in common. One cotenant can not recover entire damages. May v. Slade, 24 Texas, 205; Parks v. Dial, 56 Texas, 264; Wood's Maxwell on Dam., 541.

4. A one-half interest in this right of action for damages to the community property upon the death of the mother was inherited by the children, like the property from injury to which such cause of action sprung. Railway v. Freeman, 57 Texas, 158; Butler v. Railway, 72 Barb., 110; 1 Chit. Plead., 68; Comegys v. Vasse, 1 Pet., 213.

5. If the act of which the injury was the natural sequence was a legal injury, by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right, then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not be fully developed until within a period less than necessary to complete the bar. Waterworks v. Kennedy, 70 Texas, 234; Lyles v. Railway, 73 Texas, 95; Am. State Rep., 176, note 20; 2 Greenl. on Ev., 433, 434; Haisch v. Railway, 71 Iowa, 606; Stodgill v. Railway, 53 Iowa, 341; Troy v. Railway, 23 N. H., 83–102.

*A. S. Thurmond,* for appellee.—1. The husband is the only necessary, and is a proper, party plaintiff to suits for recovery of damages to the homestead or to community property, and may prosecute alone suits for the recovery of damages to the separate property of the wife. Railway

v. Timmerman, 61 Texas, 660; 3 Willson C. C., sec. 402; Railway v. Medaris, 64 Texas,. 92; Railway v. Jones, 3 Willson's .C. C., secs. 15, 21; Collins v. Turner, 1 W. & W. C. C., 517; Carter & Rust v. Connor, 60 Texas, 56; Woodley v. Adams, 55 Texas, 526; Railway v. Knapp, 51 Texas, 593–600.

2. After the death of the wife the husband occupies the relation of a surviving partner in an ordinary partnership; and it is not necessary to make the legal representatives of the deceased partner parties. Sup. Sayles' Civ. Stats., art. 2164; Dunman v. Coleman, 59 Texas, 199; ·Ashe v. Yungst, 65 Texas, 631; Moody v. Smoot, 78 Texas, 119; Fagan v. McWhirter, 71 Texas, 567; Watts v. Miller, 76 Texas, 13; Gunter v. Jarvis, 25 Texas, 581.

3. Limitation begins to run from the date of the accrual of the right of action, and it is immaterial what the action is, whether for damage, for trespass, or assumpsit, or whatever it may be. Appellant having by purchase and condemnation proceedings acquired the right of way over appellee's farm, it was no invasion of plaintiff's right for it to go upon the land and build its road; plaintiff had no cause of action against them for so doing. Sayles' Civ. Stats., art. 4171, note 1, and cases there cited; Railway v. Donohoo, 59 Texas, 128; 2 Willson's C. C., secs. 140, 142; Railway v. Helsley, 52 Texas, 593; 4 Willson's C. C., secs. 219, 220.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee, joined by his wife, instituted this suit to recover damages resulting from the alleged negligent digging of a ditch by appellant on its right of way in plaintiff's farm, in which, it was alleged, water collected, became stagnant, and generated poisonous gases, etc., causing sickness in plaintiff's family, the death of one of their children, and the depreciation of the value of their homestead. Recovery was sought for all of these injurious results, including damages for the loss of the services of the child, and ·for several others. Exceptions were sustained in the court below to the claim asserted as arising from the death of the child, and to all others except those above enumerated. Mrs. Goldman dying pending the suit, her death was suggested, and leave was obtained by appellant to prosecute the suit as surviving plaintiff.

The record shows that Mrs. Goldman left children. A judgment was obtained by plaintiff, from which this appeal is taken. But two objections are urged to this judgment, viz., (1) that proper parties plaintiff were not made after the death of Mrs. Goldman, the contention being that her children were necessary parties; and (2) that plaintiff's cause of action was barred by limitation, which was duly pleaded. The original petition was filed April 29, 1891. Appellant's road was completed prior to March 1, 1889, and the ditch of which complaint is made was dug and full of water by that date, but no injurious consequences resulted to plaintiff before the summer of the same year.

Appellant acquired, by deed from plaintiff, a right of way 100 feet in width across the farm in question, and finding that insufficient, condemned an additional strip twenty-five feet wide. In constructing its road, it threw up an embankment on a part of its roadbed, and, in order to get earth for this purpose, made an excavation along its right of way parallel with the embankment, and thus left the ditch in question, in which, no proper outlets being provided, the water collected and stood. All of the work which defendants thus did was finished prior to March 1, 1889. In the summer of that year, and within two years before the suit was brought, the injuries to the health of the plaintiff's family began; and the depreciation in the value of the farm resulted, not from any direct injury to it, but from the fact that it was thus rendered unhealthy, and in a measure uninhabitable.

*Conclusions of Law.*—1. The only occasion for the joining of the wife in the original suit was the fact that a statutory cause of action for damages resulting from the death of the daughter was set up, to which the wife was a necessary party. That claim was eliminated by the ruling on exceptions, and to the prosecution of the other cause of action asserted, her presence in the suit was neither essential nor permissible. The right asserted belonging to the community estate, the husband alone could prosecute. Nor was it necessary, after the death of the wife, to make her children parties. The husband had the right of a surviving partner to prosecute the suit without joining the heirs. Such interest as they inherited from their mother, they took subject to the right with which the law clothed him to have possession of the community property, and hence to reduce it to possession. Moody v. Smoot, 78 Texas, 119. In Rowland v. Murphy, 66 Texas, 534, the cause of action accrued, not to the community estate during the life of the wife, but to the plaintiff and his deceased wife's children, as tenants in common, after the death of the wife; and it is expressly noted in the opinion that the suit is not prosecuted by plaintiff in any representative capacity, as survivor of the community. The other cases cited by appellant in no way involved the questions here presented. May v. Slade, 24 Texas, 205; Parks v. Dial, 56 Texas, 264; Railway v. Ragsdale, 67 Texas, 28.

2. While the condition which caused the injuries to appellant was in its nature permanent, the injuries themselves were occasional and recurring. The rule as to limitation against actions for nuisances has been frequently laid down and variously applied. It is easier to state the general principle than it sometimes is to properly apply it to a given state of facts. There is very little difference, if any, among the authorities as to the correct rule; but in applying it to doubtful cases, some of the decisions are found to be irreconcilable with others. The rule, as stated by both Angell and Wood, is, that "every continuance is a nuisance for which a fresh action will lie; so that, although an action for the damage from the original nuisance may be

barred, damages are recoverable for the six years preceding the bringing of the action, provided such a period of time has not elapsed that the person maintaining it has acquired a presumptive right to do so." Wood on Nuisances, 996; Angell on Lim., sec. 300. This statement of the general rule is well sustained by the authorities cited.

An important qualification of the rule is also thus stated: "When the original nuisance is of a permanent character, so that the damage inflicted thereby is of a permanent character and goes to the entire destruction of the estate affected thereby, a recovery not only may but must be had for the entire damage in one action, as the damage is deemed to be original; and as the entire damage accrues from the time the nuisance is created, and only one recovery can be had, the statute of limitation begins to run from the time of its erection against the owner of the estate or estates affected thereby." Wood, supra. The application to be made of the doctrine can be ascertained from the cases discussed and explained by this author, pages 997–1000.

Commenting on and dissenting from the decision in Powers v. Council Bluffs, 50 Iowa, 197, Wood says: "We think that in the Iowa case the court failed to make a proper distinction between a wrongful act amounting to a nuisance, which of itself creates a complete and permanent injury, and a nuisance which is permanent, but the injury from which is not only continuous, but constantly increasing. In the former case there can be no doubt that the statute would run from completion of the thing creating the nuisance, but in the latter case successive actions would lie until the nuisance is abated."—page 1000. This distinction has been recognized and stated in this State. Railway v. Anderson, 79 Texas, 427; Clark v. Dyer, 81 Texas, 340; Railway v. Helsley, 62 Texas, 593; Waterworks v. Kennedy, 70 Texas, 234; Lyles v. Railway, 73 Texas, 95.

The defendant had the right to use the earth acquired as a right of way in the construction of its embankment, being held to the exercise of due care and skill to avoid inflicting injury upon others. By the mere use of the earth and leaving of the ditch, it took no part of appellee's estate for which it had not compensated him. It simply created a condition of things which afterwards, operating with other agencies, wrought consequential damage to appellant, arising at intervals. Thus the sickness in the family resulted, and, from the unwholesome conditions surrounding it, the farm became less valuable. While this deterioration in value, after it took place, was permanent, it must be borne in mind that the value of the estate was not at once partially destroyed by the act of the defendant, but was lessened, as the consequence of the unhealthful situation eventually produced.

It is urged that the rule laid down in the cases of Waterworks v. Kennedy and Lyles v. Railway, supra, is applicable. The acts complained of in those cases were direct invasions of proprietary rights in the property injured. There was no right, in the Kennedy case, to insert the pipe in the arch of the building; nor, in the Lyles case, to

damage the property of the plaintiff without compensation. In neither case, as was pointed out in the opinions, did the defendant have the right to make the attempted use of the plaintiff's property, nor did its liability depend on the question whether or not it skillfully performed the work. It was liable, upon the commission of the act, for all damage that resulted. Here it was the negligent exercise of its right by defendant which constituted the wrong, but it would never have been actionable had no damage resulted to plaintiffs. At least no action for those damages could have been maintained.

Hence we conclude that the action was not barred, and that the judgment should be affirmed.

*Affirmed.*

Delivered October·18, 1894.

Writ of error refused, with written opinion. See 87 Texas, 567.