### JULIUS GROSSMAN v. HOUSTON, OAK LAWN & MAGNOLIA PARK RAILWAY COMPANY.

#### No. 1524.   Decided April 25, 1906.

**1.—Railway in Street—Damage to Property—Increased Use—Limitation.**

The increased damage to the property of owners of abutting lots by a change in the manner of operating a railway in the street, involving heavier engines and the addition of extensive freight carriage to its previous limited business of transporting passengers, gave rise to a liability against which limitation ran only from the date such damage was occasioned, not from that of the original construction.   (Pp. 644, 645.)

**2.—Railway in Street—Damage.**

A railway is not liable to owners of abutting lots for personal inconvenience arising from the lawful and proper operation of its road, though liable under the Constitution (art. 1, sec. 17) for depreciation in the value of the lots by said causes.   (P. 645.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Grossman sued the railway company and recovered judgment, which was reversed and rendered in favor of defendant on its appeal. Grossman then obtained writ of error.

*Brashear & Dannenbaum,* for plaintiff in error.—The Court of Civil Appeals having found, as a matter of fact, that within two years of the filing of the suit Grossman and his wife were caused to suffer personal discomfort, inconvenience and harassment by reason of the operation of the railway in front of their homestead, erred in not affirming the judgment of the District Court as to these items, and in holding same to be barred by acts occurring before said two years, Grossman not being limited to damages for the impairment of the value of the property, the same being a homestead and occupied by himself and wife. Daniel v. Fort Worth & R. G. R'y, 6 Texas Ct. Rep., 791, and cases cited; Boyer v. St. Louis, S. F. & T. R'y, 8 Texas Ct. Rep., 348; Gulf, W. T. & P. R'y v. Goldman, 8 Texas Civ. App., 260; San Antonio R'y v. Limburger, 88 Texas, 87; City of San Antonio v. Mackey, 14 Texas Civ. App., 214; Baugh v. Texas & N. O. R'y, 80 Texas, 59; City of Houston v. Parr, 47 S. W. Rep., 393; Dallas v. Young, 28 S. W. Rep., 1037; City of Houston v. Houston E & W. T., 63 S. W. Rep., 1057; Baltimore & P. Railroad v. Fifth Baptist Church, 108 U. S., 317; Harman v. Louisville, N. O. & T. R'y, 11 S. W. Rep., 703; Uline v. New York Cent. R'y, 101 N. Y., 98.

The Court of Civil Appeals erred in finding that plaintiff was barred by the two years statute of limitation, as to the damage to the realty, there being absolutely no evidence in the record upon which to base a finding that there was any damage whatever to his property before two years prior to the bringing of this suit. Rev. Stats. of Texas, art. 3354; Houston Waterworks v. Kennedy, 70 Texas, 236; Gulf, C. & S. F. R'y Co. v. Necco, 15 S. W. Rep., 1102; Missouri, K. & T. R'y Co. v. Hopson, 15 Texas Civ. App., 126; Backhouse v. Bonomi, 9 H. L. Cases, 503—cited and explained in Waterworks v. Kennedy, supra; Sutherland on Dam. (2d ed.), sec. 1037; 19 Am. & Eng. Ency. of Law (2d ed.), 195, 200; 21 Am. & Eng. Ency of Law (2d ed.), 724; 10 Am. & Eng. Ency. of Law (2d ed.), 1114.


*J. A. Read, Wilson & Dabney,* and *N. A. Headman,* for defendant in error.—Claims for consequential damages for all time accrued and were actionable upon the construction in 1889 and 1890, for the law requires that such damages for the nonnegligent and nontortious operations of a railroad (to property alone, as we have shown above), shall be settled once for all and in one action, and if not so then settled, they are barred by the two years statute of limitations, measuring the time from the actual construction of the road (Lyles v. Texas & N. O. Railway, 73 Texas, 95; City of Dallas v. Young, 28 S. W. Rep., 1036; Rische v. Texas Transportation Co., 66 S. W. Rep., 325; Missouri, K & T. R'y v. Graham, 33 S. W. Rep., 577; Settegast v. Houston O. L. & M. P. R'y Co., 87 S. W. Rep., 197; Aldrich v. Cheshire R. R. Co., 21 N. H., 359, 53 Am. Dec., 213). Gulf, C. & S. F. Railway v. Necco, 15 S. W. Rep., 1102, was not within this classification, but was a case where 25 new tracks, that is, an additional servitude, had been laid, and the 25 new tracks were held to be a new and an additional thing, practically a switch yard was established in front of the premises.

In addition to the cases mentioned, ruled by our Texas courts, there

are many others, striking and more extensively reasoned upon this point, a few of which only we cite. Church of the Holy Communion v. Patterson Extension R. R. Co. (N. J.), 55 Law Rep. Ann., 81; Fremont, etc., R'y Co. v. Harlin (Neb.), 36 Law Rep., Ann., 421; Watts v. Norfolk & W. R'y Co. (W. Va.), 23 Law Rep. Ann., 674; Aldworth v. City of Lynn, 10 Law Rep. Ann., 210 (Mass.); Willitts v. Chicago, B. & K. C. R. R., 21 Law Rep. Ann., 608 (Iowa.).

A right to sue for damages to adjacent property from the nonnegligent and necessary construction and operation of a railroad, arises at once when the railroad is first built and operated, and but one action can be filed which necessarily includes all future damages. Louisville & Nashville R'y Co. v. Orr., 91 Ky., 111; Chicago, etc., R. R. v. McAuley, 121 Ill., 160; Chicago & Eastern Illinois R. R. Co. v. Loeb, 118 Ill., 204; Troy v. Cheshire R. R. Co., 23 N. H., 101; Elizabethtown, L. & B. S. R. R. Co. v. Combs, 10 Bush, Ky., 393.

We respectfully submit that there are no personal damages awarded by law (St. Louis & S. F. & T. Ry. Co. v. Shaw, recently decided), and that the damages to the property have been barred by the statute of limitations.

In cases where no negligent or tortious operations of the railroad are sued on, and "In all cases in which a cause of action may exist, and in which it springs solely from the laying down of the track and the subsequent running of trains in an ordinary and proper and lawful manner, there is but a single cause of action; it involves, for the purpose of determining the compensation, the question of a diminution in the value of the lot caused by the construction of the railroad; it arises at the time of the occupation of the street by the railroad, and it is barred, like any other cause of action, after the lapse of a prescribed number of years from that date; and the change of ownership of the railroad neither revives an old cause nor creates a new cause of action. Unlike actions for trespass to realty, where the plaintiff can only recover for injury done up to the commencement of the suit, in suits of this kind, a single recovery may be had for the whole damage to result from the act, the injury being continuous and permanent." Frankle v. Jackson, 30 Fed. Rep., 399; Central Branch Union Pacific R. R. Co. v. Andrews, 26 Kan., 710; Central Branch U. P. R. R. Co. v. Twine, 23 Kan., 585; Lohr v. Metropolitan Elevated R. R. Co. (N. Y.), 10 N. E. Rep., 528; Troy v. Cheshire R. R. Co., 23 N. H., 83, 55 Am. Dec., 187; Elizabethtown, etc. R'y v. Combs, 10 Bush., 392, 19 Am. Rep., 74; Chicago, etc. R'y v. Loeb, 118 Ill., 204, 59 Am. Rep., 344, 348, 349.

BROWN, ASSOCIATE JUSTICE.—Grossman owns and resides upon a lot on Commerce Street in the city of Houston, which he had occupied with his family for about ten years before the institution of this suit on the 24th day of December, 1902. The residence of the family was situated near to the line of the street and the street is about sixty feet wide. In 1889, the Houston, Belt & Magnolia Park Railway Company was organized under the general railroad laws of this State; and, early in the year 1891, with the consent of the city council of the city of Houston, that company built and completed its line of road upon Com-

merce Street in front of the property now owned by Grossman; and that company operated the line of road over the said street from 1891 until the date of the sale by a receiver under the judgment of the court in the year 1901, when the Houston, Oak Lawn & Magnolia Park Railway Company purchased the same. Prior to the purchase of the said road by the defendant in error, it was operated by the company which built it and the the receiver which controlled it; its principal business was transporting passengers to and from points in or near to the city of Houston; its heaviest business being the transportation of passengers to and from a local park. Its business was very heavy during the summer time, and the dummy engines which it used emitted coal smoke and cinders just as such engines would naturally do, and said engines were equipped with shrill whistles, the sound of which was disagreeable. The train of cars which passed along the road would cause a sensible vibration, noticeable by those who inhabited the adjoining property. The track was lawfully and properly constructed on said street, which caused no damage to Grossman's property.

After the purchase of the road by the defendant in error, it began to operate it by using engines of greater weight and hauling trains of greater length than had been run over the road prior to that time. Instead of carrying passengers over the line of road, as had been formerly done, the present owner used it chiefly for the transportation of freight, and the road is used day and night. The discomfort and annoyance to those occupying the abutting property have been greatly increased, the market value of such property reduced and the plaintiff in error has, from the use of the road by the present company, suffered damage in the sum of $500 for reduction in the value of his lot, $100 for discomfort suffered by his wife and $25 for like injury to himself.

At the trial in the District Court judgment was rendered for Grossman for the sums above stated, from which judgment appeal was taken to the Court of Civil Appeals, and that court reversed the judgment of the District Court and rendered judgment in favor of the railway company upon the ground that the claim for damages was barred by the statute of limitation of two years.

Under articles 4426 and 4438 of the Revised Statutes, the Houston, Belt & Magnolia Park Railway Company had the right, with the permission of the city council of the city of Houston, to construct its railroad track upon Commerce Street, and, the track being properly built and the trains thereon properly operated, Grossman, the abutting property owner, had no cause of action against that company. Gulf, W. T. & P. Ry. Co. v. Goldman, 8 Texas Civ. App., 260, 28 S. W., 267; City of Houston v. Parr, 47 S. W., 393; Houston Waterworks v. Kennedy, 70 Texas, 236; Backhouse v. Bonomi, 9 H. L. Cas., 512. Applications for writs of error were made to this court in Railway Company v. Goldman, and the city of Houston v. Parr, each presenting the question of limitation as is presented in this case, and the applications were refused.

In the case of Railway Company v. Goldman, supra, the right of way had been acquired from Goldman and the railroad constructed, but in constructing the embankment, a ditch was left, in which water accumulated, causing sickness in the family and a consequent depreciation in the

value of the land. Suit being brought to recover for the depreciation of the land and for damages on account of the sickness more than two years after the construction of the railroad, the latter pleaded the statute of limitations, but the Court of Civil Appeals held that the statute did not apply, announcing its conclusion in these words: "The defendant had the right to use the earth, acquired as a right of way, in the construction of its embankment, being held to the exercise of due care and skill to avoid inflicting injury upon others. By the mere use of the earth and leaving of the ditch, it took no part of appellee's estate for which it had not compensated him. It simply created a condition of things which afterwards, operating with other agencies, wrought consequential damages to appellant, arising at intervals. Thus the sickness in the family resulted and from unwholesome conditions surrounding it the farm became less valuable. While that deterioration in value after it took place, was permanent, it must be born in mind that the value of the estate was not at once partially destroyed by the act of the defendant, but was lessened as a consequence of the unhealthful situation eventually produced." The same doctrine was forcibly illustrated in the case of Waterworks v. Kennedy, supra, in which the court said: "When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon the act, it is held that the cause of action does not accrue until the injury is sustained." The court then cites Backhouse v. Bonomi, and comments upon and approves it, which fully sustains the proposition. But the court distinguishes the case then under consideration, by showing that it does not come within the rule announced, because the act complained of was unlawful, therefore, the cause of action arose at the time the act was done.

The Court of Civil Appeals cites and relies upon Lyles v. Texas & N. O. Ry. Co., 73 Texas, 95, in support of its judgment. In that case the court said: "It is not a case in which no actual injury was done when the tracks were laid and in which no action would lie until some consequential injury resulted, but is a case in which a cause of action existed and on which the measure of relief was just as broad as the lapse of years could make it." The distinction between the Lyles case and the case now before us is quite clear, and the rule applied in that case is not applicable to the facts of this.

The damages sued for in this case did not arise until within two years prior to the institution of this suit and did not arise out of the act of constructing the railroad track in the street, but from the use that was subsequently made of that track and is strictly in the line of the case of Railway Company v. Goldman, before cited. The Court of Civil Appeals erred in holding that the claim for damages was barred by the statute of limitations.

The personal inconvenience and discomfort to Grossman and his wife caused by the lawful and proper operation of the trains on the road does not give a right of action for damages against the railroad company. St. Louis, S. F. & T. Railway Co. v. Shaw, 15 Texas Ct. Rep., 129. But the depreciation of the value of Grossman's lot is a damage to his property for which he may recover under article 1, section 17, of the Constitution.

It is ordered that the judgment of the Court of Civil Appeals be reversed and that this court will now enter judgment upon the findings of the trial court that the plaintiff in error, Grossman, have and recover of and from the railway company the sum of $500 for damages to his property and all costs of the District Court; that the railway company have and recovered of and from Grossman all costs of the Court of Civil Appeals and of this court.

*Reversed and rendered.*