FORT WORTH & DENVER CITY RAILWAY COMPANY v. W. Q. FLYNT.

Decided January 15, 1910.

**1.—Railroad—Negligent Construction of Bridge—Overflow—Accrual of Cause of Action.**

A railroad company so negligently constructed a bridge as to create a condition of things which, operating with subsequent rains, gradually filled the bed of the stream and finally caused thereby the flooding and injury to adjacent land. Held, the building of the bridge, being a lawful act, did not of itself constitute such permanent nuisance as required the adjacent land owner to at once sue for all damages, both present and prospective, that might result from its construction; but such owner's cause of action arose at the time of the final injuries to his land and crop by successive overflows.

**2.—Same—Measure of Damage.**

Where land is damaged by overflows in three successive months from the same cause, the measure of damage is the difference in the value of the land immediately before the first and after the last overflow.

**3.—Cases Followed and Distinguished.**

San Antonio & A. P. Ry. Co. v. Kiersey, 98 Texas, 590; Grossman v. Houston, O. L. & M. P. Ry. Co., 99 Texas, 641; Missouri, K. & T. Ry. Co. v. Bell, 93 S. W., 198; Gulf, W. T. & P. Ry. Co. v. Goldman, 8 Texas Civ. App., 257, followed. Texas C. Ry. Co. v. Brown, 86 S. W. 659, s. c. 42 Texas Civ. App., 392, distinguished.

Error from the District Court of Wilbarger County. Tried below before Hon. S. P. Huff.

*Spoonts, Thompson & Barwise, R. W. Hall* and *J. M. Chambers,* for plaintiff in error.

*Berry & Lucky,* for defendant in error.

CONNER, CHIEF JUSTICE.—This suit was instituted by defendant in error in the District Court for damages to his land and for the value of a crop lost as a result of overflows caused by the negligent construction of a bridge by plaintiff in error across Paradise Creek, which traverses defendant in error's farm. Defendant in error alleged that the bridge had been constructed about four years before the institution of the suit and in such manner and with such obstructions, which are described in the petition, as to impede the natural flow of water arising from ordinary rains, whereby the channel of the creek gradually filled up until in 1908, when, during the months of April, May and June of that year, there were a number of hard but not extraordinary rains which, for want of proper escape way, backed up and overflowed defendant in error's land, permanently and wholly destroying thirty acres thereof of the value of one hundred dollars per acre, and a crop of cotton at the time growing thereon of the value of five hundred dollars, all of which it was alleged was the proximate result of the negligent construction of the bridge.

Appellant answered by a general denial, but the trial resulted in a verdict and judgment in defendant in error's favor for two hundred and twenty-five dollars and seventy-five cents as damage to crops, and seven hundred dollars as permanent damages on land.

Plaintiff in error complains only of the following paragraphs of the court's charge, viz.:

"3d. If you find from the evidence that the defendant erected the new bridge, as alleged by the plaintiff, across Paradise Creek on the line of its railway near the land of plaintiff, and that defendant in constructing said bridge did not leave sufficient opening for the water flowing along said creek and following the usual course to escape, so as to prevent the same from backing up and overflowing the plaintiff's land during ordinary rains, at any time during the months of April, May or June, 1908, as alleged by plaintiff, and that such bridge obstructed the natural and usual flow of the water along said creek and caused it to overflow and back over plaintiff's land and thereby permanently injured said land, then you will find for the plaintiff the amount of such injury sustained by him, which will be the difference between the market value of said land so permanently

injured, immediately before and immediately after the injury, if any. And if you find more than one such injuries between the time said bridge was erected, caused by its construction, and the injury last inflicted, if any, then the difference in such value immediately before the first and last injury."

"4th. And if you find that the defendant constructed the bridge across Paradise Creek on its line of railway, as alleged by plaintiff, and that during ordinary rains the water flowing down said stream was diverted from its natural and usual course and caused to back up onto and over plaintiff's land and destroyed or injured plaintiff's and Thompson's (who has assigned his interest to plaintiff) crop or crops of cotton, if any, they or either of them had growing thereon, then you will find for plaintiff the reasonable value of said crops so destroyed or injured, if any was destroyed or injured, at the time and place of its destruction, which will be the reasonable cash market value of the crop so destroyed, at the time of its destruction."

We think this case controlled by the cases of San Antonio & A. P. Ry. Co. v. Kiersey, 98 Texas, 590; Grossman v. Houston, O. L. & M. P. Ry. Co., 99 Texas, 641; Missouri, K. & T. Ry. v. Bell, 93 S. W., 198; Gulf, W. T. & P. Ry. v. Goldman, 8 Texas Civ. App., 257 (28 S. W., 267), rather than that of the Texas Cent. R. R. Co. v. Brown, 86 S. W., 659; s. c., 42 Texas Civ. App., 392. In other words, the case made by the petition here is one in which the railway company in building its bridge negligently performed an act otherwise lawful and thereby created a condition of things which, operating with subsequent rains, gradually filled the bed of the stream over which the bridge was built, and finally by the rains of 1908 caused the injuries for which defendant in error sued. In such case it can not be said that the bridge of itself constituted such permanent nuisance as required defendant in error to at once sue for all damages both present and prospective that might result from its negligent construction. Defendant in error's cause of action, therefore, arose at the time of the final injuries to his land and crop by the overflows in April, May and June, 1908. If so, we find no material error in the charges objected to. By the petition the permanent injury to the land for which defendant in error sought to recover had its active beginning in April and was completed in June, 1908, and it was not, therefore, erroneous, as plaintiff in error insists, to instruct the jury to measure the damage to the land by the difference in the value "immediately before the first and (after the) last injury." Nor, in the connection in which it is used, do we think this clause fairly subject to the construction that it authorizes a finding for double damages, or as probably misleading the jury into a consideration of injuries to the land other than those complained of, viz., those in April, May and June, 1908.

The objection to the fourth paragraph of the charge is that it was erroneous in that the preceding paragraph authorized a recovery of the full amount of the damages, and that a recovery for the crops in addition thereto should not have been authorized. We think, however, that it is perfectly apparent from the record that there was no such result. The two paragraphs plainly refer to separate items of

loss—the third, to permanent injury to land, and the fourth, to loss of the crop—for both of which defendant in error was entitled to recover, and that the jury so understood the charges is manifest from the verdict, which as before stated was for separate amounts.

We conclude that there was no material error and that the judgment must be affirmed.

*Affirmed.*