### CITY OF HOUSTON v. MERKEL.

(Court of Civil Appeals of Texas. El Paso. Jan. 23, 1913. Rehearing Denied Feb. 12, 1913.)

1. MUNICIPAL CORPORATIONS (§ 845*) — IMPROVEMENTS — INJURY TO PROPERTY — DAMAGES—MEASURE.

The measure of damages for injury to abutting property by the construction of drainage ditches, which by erosion had widened and deepened, narrowing the street, and nearly destroying the owner's rights of ingress and egress, was the difference between the value of the property before and after the invasion of plaintiff's rights, in estimating which the jury should not consider any general enhancement in value which the property enjoyed in common with other property; and the injury being a gradual one, so that it was impossible to fix any definite date at which the damage began, it was proper to adopt June 1, 1906, that being the date alleged by plaintiff and within the limitation of two years prior to the filing of the original petition, and April 26, 1911, the date of the filing of the amended petition, on which the case was tried, as the dates of comparison in assessing the damages.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1796–1802; Dec. Dig. § 845.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION NOT GERMANE TO ASSIGNMENT.

Under an assignment complaining of the refusal of special charges upon an issue of limitations a proposition relating to the measure of damages is not germane, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. TRIAL (§ 251*)—INSTRUCTION—APPLICABILITY TO ISSUES.

In an action for injury to abutting property by the construction of drainage ditches, where there was no issue as to any obligation of defendant city to put in bridges, or any claim of damages for failure to do so, a charge that the city was not bound to put in bridges and the fact that plaintiff had found it necessary to do so created no liability as against the city was properly refused as being inapplicable to the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. LIMITATION OF ACTIONS (§ 55*)—TORTS—DAMAGES TO PROPERTY — CONTINUING INJURIES.

Where a city's direct invasion of abutting property by drainage ditches is of a permanent character, and the original invasion and its continuance are necessarily injurious, compensation for damages may be fully recovered at once, the statute of limitations in such cases running from the date of the invasion; but, where the injury is continuous and progressive from the date when erosion began to impair the owner's right of ingress and egress, suit could be maintained for damages therefor within two years prior to the filing of the writ.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION.

A proposition under an assignment which does not disclose the point is insufficient, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 855*)—SCOPE OF REVIEW — INSTRUCTION ASSUMING ISSUE OF FACT FOUND ADVERSELY.

In an action for damages to property of an abutting owner, where the jury found that there was not ample room in the street for vehicles and sidewalks affording all necessary access, a contention assuming the contrary would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3406; Dec. Dig. § 855.*]

7. APPEAL AND ERROR (§ 758*)—BRIEFS—RULINGS ON EVIDENCE—RULES OF COURT.

Under rules for Courts of Civil Appeals 29 to 31, inclusive (142 S. W. xii, xiii), rulings on evidence will not be reviewed on appeal, where appellant's brief fails to disclose the grounds of objection urged at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

8. APPEAL AND ERROR (§ 1001*)—VERDICT—CONCLUSIVENESS.

The sufficiency of the evidence will not be considered on appeal further than to determine whether there is any evidence to support the jury's finding

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Bertha Merkel against the City of Houston. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

J. E. Niday and W. H. Wilson, both of Houston, for appellant. S. H. Brashear, of Houston, for appellee.

HIGGINS, J. Suit by appellee for damages to lots 3, 4, 5, and 7 in block 4, in Merkel's addition to the city of Houston. It was alleged that she was the owner of the premises, and that same faced on Hutcheson street, a distance of 150 feet, and such frontage was the most valuable frontage of the lots; that there was no street on the west and south sides of the property, and on the north side there was a street, but it extended no farther west than the block in which the lots were situate, and that the property was accessible to other portions of the city of Houston by way of Hutcheson street only, and that in the year 1904 the city, for the purpose of draining the surface water from a large area of territory, dug ditches on either side of Hutcheson street, beginning at a point near Commerce avenue and running southward nearly a mile, opposite and past plaintiff's property, to a point where the ditches emptied into a deep gully; that the city has been draining such surface water through said ditches since the digging of the same, and since June 1, 1906, the ditches have been gradually growing deeper and wider until they are now 10 feet wide and 5 feet deep in front of plaintiff's property, leaving room only for about one vehicle to travel thereon, and not enough room for vehicles to turn or to pass each other, and leaving only a few feet available for sidewalks; that after each rain raging torrents of water flow down said ditches, and the same are growing deeper and wider; and by reason of these conditions the ingress and egress to and from plaintiff's premises has been seriously impaired and almost destroyed, whereby her property has been damaged in the sum of $4,000. There are also certain allegations in the petition with reference to the water being caused to overflow upon the premises, but no such issue was submitted in the charge of the court, and is in no wise involved upon this appeal. The city answered by general denial, and that, if any damages had been inflicted upon plaintiff's property, the same was due to temporary causes, which had been corrected, and no permanent damage inflicted; and it was further pleaded that, if there was any damage, the same was sustained more than two years prior to the filing of this suit, and was barred by the statute of limitation. The original petition in the case was filed May 23, 1908, but the cause was tried on an amended petition filed April 26, 1911.

[1] The first and second assignments of error complain of the charge of the court upon the measure of damage submitted, and it is objected that the same was confusing and misleading to such an extent as to leave the jury without any intelligible rule by which they were to be governed in assessing the damages. The learned trial court had in mind the correct measure of damage, but in applying the same failed to state it with sufficient clearness and accuracy, and the assignments are therefore sustained. The correct measure is the difference, if any, between the value of the property on June 1, 1906, and its value at the time of the filing of the amended petition on April 26, 1911; but in estimating the amount of damage, if any, the jury should exclude from their consideration any enhancement in value which the property had enjoyed in common with other property in the community as the result of a general enhancement in values. Railway Co v. Fuller, 63 Tex. 467; Ponchila v. Railway Co., 31 Tex. Civ. App. 398, 72 S. W. 255.

Under the third assignment, it is urged to have been improper for the court to arbitrarily adopt June 1, 1906, and April 26, 1911, as the dates of comparison in assessing the damage, as it is not shown that the alleged erosion commenced on the first date, or when it commenced, nor that it ended on the last-mentioned date. These objections are regarded as hypercritical. It must be borne in mind that the erosion in the ditches and consequent narrowing of the street was a gradual process, and therefore the impairment of plaintiff's ingress and egress was also gradual. Such being the case, and it being manifestly impossible to have fixed any definite date when the damage began, it was therefore proper for the court to have made two years prior to the filing of the original petition and the date of the filing of the trial petition as the dates of comparison. The plaintiff in her petition having alleged June 1, 1906, as the date upon which the damage began, and that being less than two years prior to the filing of the original petition, the court therefore properly adopted same as the first comparison date.

[2] The fourth and fifth assignments are not considered, because the proposition urged thereunder is not germane. The assignment complains of the refusal of special charges upon the issue of limitation, whereas the proposition relates to the measure of damage.

[3] There was no error in the refusal of the special charge to the effect that it was not the duty of the city to put in bridges across the ditches leading to plaintiff's property, and the fact that plaintiff may have found it necessary to do so because of the widening of the ditches created no liability against defendant. There was no issue in the case as to any obligation on the part of the city to put in bridges, nor any damage sought for any failure to put the same in. To have given such a charge would have diverted the minds of the jury from the issues involved, and would have been calculated to have led the jury to believe that the city was not liable for the widening of

the ditches and impairment of the right of ingress and egress. To have given such a charge would have been improper.

[4] Since the damages claimed were permanent in their nature, and arose out of the construction of the ditch in the year 1904, it is claimed that the cause of action is therefore barred by the statute of limitation because the statute began to run upon the construction of the ditch. The ditch, however, was constructed by the city in the exercise of a right possessed by it, and in a street where it had a right to construct the same. A proper construction of the ditch, under these circumstances, gave no cause of action, and no damage therefor could have been recovered. The damage here, however, was continuous and progressive in its nature from the date the erosion in the ditches began to impair the right of ingress and egress, and suit could be maintained for the damage arising from this cause within two years prior to the filing of the suit. Where there is a direct invasion of one's property of a permanent character, and the original invasion and its continuance are necessarily injurious, the damage is original, and may be at once fully compensated. Waterworks v. Kennedy, 70 Tex. 233, 8 S. W. 36. In such case the statute begins to run from the date of the invasion. But where the invasion is permanent in its nature but not necessarily primarily injurious, nor its continuance injurious, but the same may be or may not be so, then the cause of action does not arise, and the statute does not begin to run until the invasion becomes injurious, resulting in damage. Under the cases of Grossman v. Railway Co., 99 Tex. 641, 92 S. W. 836, Railway Co. v. Goldman, 8 Tex. Civ. App. 257, 28 S. W. 267, Schueller v. Railway Co., 46 Tex. Civ. App. 444, 102 S. W. 922, and City of Houston v. Parr, 47 S. W. 393, it is very clear that plaintiff had a right to recover for such damage as she may have sustained within two years prior to the filing of her suit, and the seventh assignment of error complaining of the refusal of a special charge to the effect that the cause was barred by limitation is overruled.

[5] The eighth assignment is not considered. It is submitted as a proposition, and as such is insufficient because it does not disclose the point.

[6] Under the ninth, tenth, and eleventh assignments, it is urged that the city of Houston, under its charter, has the power to enlarge, maintain, and construct such ditches as may seem to it necessary under given conditions, and to permit the enlargement of same by erosion without thereby becoming responsible in damages to abutting property owners, if ample roadway for vehicles and for sidewalks remain, so that the abutting property owner has all necessary ingress and egress to and from the abutting property. It is unnecessary to pass upon the correctness of this contention, because the premise assumed that there was ample room for vehicles and sidewalks affording all necessary ingress and egress in the instant case was an issue of fact which was resolved against the appellant.

The twelfth, thirteenth, fourteenth, and fifteenth assignments complain of rulings upon the evidence. They are submitted as propositions, but as such are insufficient for the same reason as the eighth, and they are therefore not entitled to consideration, and are not considered.

[7] Neither do the briefs disclose the grounds of objection urged upon the trial, as is required by the rules, which is an additional reason why this court should not consider the same. Rules 29 to 31, inclusive (142 S. W. xii, xiii); Lee v. Simmons, 151 S. W. 868.

[8] The seventeenth and eighteenth assignments, complaining of the sufficiency of the testimony, are overruled, because there is testimony warranting the jury in finding that ingress and egress to and from the property had been seriously impaired by the widening of the ditches.

Reversed and remanded.