MURPHY et al. v. SMITH et al. (No. 7417.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 28, 1925. Rehearing Denied Nov. 18, 1925.)

1. **Appeal and error ⟲1011(1)—Court's finding on sufficient testimony that deed was intended as mortgage not disturbed.**

Court's finding on sufficient testimony that land sought to be recovered by minor was homestead, and that deed thereof by him was intended as mortgage to secure payment of borrowed money, will not be disturbed, in view of Const. art. 16, § 50.

2. **Infants ⟲31(2)—Grantees, refusing offer to repay loan secured by deed, cannot demand tender of amount paid as condition precedent to setting aside deed as mortgage on homestead.**

Grantees, refusing offer to repay loan secured by deed of minor, and seeking to enforce deed as absolute conveyance, cannot demand tender of amount paid as condition precedent to setting aside deed, under Rev. St. 1925, art. 1994, as mortgage on homestead.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Action by Joseph Smith, by next friend, and others, against Will Murphy and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

P. E. Campbell, of Seguin, for appellants. R. A. Weinert and A. J. Wirtz, both of Seguin, for appellees.

COBBS, J. The appellees sued the appellants to recover a certain lot of land in the city of Seguin, Guadalupe county, Tex. Joseph Smith, appellee, being a minor at the time, the suit was instituted by and prosecuted for him by his next friend. Joseph Smith, however, was, at the institution of the suit, a married man and the head of a family. The suit was in the nature of an action in trespass to try title and for damages. By a supplemental petition the appellees alleged:

That the deed in controversy, made by him to Alice Murphy, though in the form of a deed, was in fact intended to be and was a mortgage to secure the payment of a loan made by Will Murphy to appellees. That at the time of said conveyance, and at the time said loan was made and secured by said property, the appellee was a minor, and the property was their homestead, and that said instrument was null and void. That plaintiff had offered to pay, and tendered payment, of the amount due to the defendant Will Murphy, and by reason of the fact that the defendants were demanding the repayment of $750, and by reason of the further fact that they had collected rents from the property, for which they refused to account, the defendants could not in equity demand the repayment to them of said loan as a condition precedent to the recovery of the property by the plaintiffs, and that the money received by the plaintiff Joseph Smith was spent and dissipated by him in the payment of debts for which his estate was not legally liable, and that he had none of said money with which to tender payment to the defendants.

Appellants filed general demurrers, pleas of not guilty, and that the property was purchased for value, without notice of appellee's minority, or that it constituted their homestead, and prayed in the alternative to recover the sum of $750, the alleged consideration paid appellees for the land. The case was tried before the court without a jury, and the court filed findings as follows:

"I find that at the time the plaintiffs, Joseph Smith and wife, Ella Smith, executed the deed to Alice Murphy, of the property in controversy, said deed being dated October 20, 1923, said plaintiff Joseph Smith was a minor under the age of 21 years.

"I find that at the time of the execution of said deed to said defendant Alice Murphy, the property described therein was the homestead of the plaintiffs, Joseph Smith and wife, Ella Smith, having occupied said property as their residence, and the homestead of the family at the time of the execution of said deed, and for some years prior thereto, and not having any other homestead property.

"I find that while said deed to Alice Murphy is an absolute conveyance of title on its face, it was in reality intended as a mortgage to secure the payment of money loaned the plaintiff Joseph Smith by defendants.

"I find that the plaintiff Joseph Smith offered to repay the defendant Alice Murphy the money received by said plaintiff for the execution of said deed, but said offer was refused.

"I find that no representations were made by the plaintiff Joseph Smith, and no act done by him, which would constitute estoppel, and that none of the defendants have shown themselves to be purchasers or lienholders in good faith, without notice of the minority of said plaintiff or the homestead character of the property."

Appellants contend that the demurrer to the petition should be sustained because the minor, neither through himself nor otherwise, can bring and maintain a suit during his minority to set aside his conveyance until aft-

---

er he has become of age, citing cases. Appellees seem to concede that doctrine, but counter by saying that this suit can be maintained as a suit in trespass to try title or as a suit to set aside a deed intended as a mortgage on the homestead. Parks v. Dial, 56 Tex. 261; Bonner v. Ogilvie, 24 Tex. Civ. App. 237, 58 S. W. 1027; Brown v. Brown (Tex. Civ. App.) 230 S. W. 1058; article 1994, Rev. St. 1925.

[1] Though the testimony was sharply contested as to whether the conveyance was given to secure the payment of a loan, the court, upon sufficient testimony, resolved that conflict in favor of appellees that the property was the homestead and the deed was intended as a mortgage to secure the payment of borrowed money; and this finding will not be disturbed. Constitution of Texas, art. 16, § 50; Hardie & Co. v. Campbell, 63 Tex. 292; Moores v. Wills, 69 Tex. 109, 5 S. W. 675; Gray v. Shelby, 83 Tex. 407, 18 S. W. 809.

[2] Appellee, being a minor, showed that the proceeds of the loan were used in such manner as to relieve them of tendering back the amount received, but, in fact, if required, a tender had been made and it was refused by appellants. It was shown that appellants collected rent for which they had failed and refused to account, and that all the money received had been spent. Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849; Wisdom v. Peek (Tex. Civ. App.) 220 S. W. 210.

We agree with the trial court in its holding in the conclusions of law that—

"The defendants, having refused the offer of plaintiffs to repay the loan on said property, and having sought to enforce said deed as an absolute conveyance of the property, cannot now demand a tender of the amount paid plaintiffs as a condition precedent to the setting aside of said deed."

Having duly considered all assignments of error presented to the court, we find no error of law assigned sufficient to cause a reversal of the judgment; and it is affirmed.