## CITY OF ATHENS v. EVANS.
### No. 1395—6013.

Commission of Appeals of Texas, Section B.
Oct. 4, 1933.

Wynne & Wynne, of Athens, for plaintiff in error.

Bishop & Holland, of Athens, for defendant in error.

SMEDLEY, Judge.

Defendant in error, Evans, sued plaintiff in error, the city of Athens, for damages on account of permanent injuries alleged to have been done to two lots belonging to plaintiff in error by the city's action in so paving Carroll street adjoining the lots as to cause water flowing down the street, even after an ordinary rainfall, to enter an alley and from the alley to overflow and stand upon the lots. Plaintiff in error pleaded the statute of two years' limitations (Rev. St. 1925, art. 5526). Defendant in error, by way of replication, pleaded that the city was estopped to plead limitation because he had delayed filing suit in reliance upon promises of the mayor and other members of the governing body of the city to remedy the cause of the injury. On trial without a jury judgment was rendered for defendant in error for $500. No findings of fact or conclusions of law were made by the trial court.

The Court of Civil Appeals affirmed the judgment of the trial court, holding that Evans' cause of action was not barred by limitation, because the trial court was warranted in concluding that, although the damage to the property had been continuous since the construction of the street pavement, yet the greater part of the damage had occurred within the two years next before the filing of the suit, and because further there was evidence showing damages rightfully recoverable to at least the amount of the trial court's judgment.

■ We are of the opinion that the case made by the petition and by the proof is barred by the statute of limitations.

The rules applicable are stated in many cases, including Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S. W. 36; Austin & Northwestern Ry. Co. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350; Parsons v. Uvalde Electric Light Co., 106 Tex. 212, 163 S. W. 1, 2, L. R. A. 1916E, 960; Gulf, W. T. & P. Ry. Co. v. Goldman, 8 Tex. Civ. App. 257, 28 S. W. 267, writ of error refused 87 Tex. 567, 29 S. W. 1062; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.(2d) 57.

The court, in the case of Parsons v. Uvalde Electric Light Company, supra, thus quotes the rules of law governing suits of this character:

"Wherever the nuisance is of a permanent character, and its construction and continuance are necessarily an injury, the damage is original and may be at once fully compensated. In such case, the statute of limitations begins to run upon the construction of the nuisance. * * *

"But when such structure is permanent in its character, and its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened; and there may be as many successive recoveries as there are successive injuries. In such case, the statute of limitations begins to run from the happening of the injury complained of."

The court then quotes from Austin & Northwestern Ry. Co. v. Anderson, supra, as clearly stating the distinction between the two classes of actions, thus: "We conclude from the authorities that, where a nuisance is permanent and continuing, the damages resulting from it should all be estimated in one suit; but where it is not permanent, but depends on accidents and contingencies, so that it is of a transient character, successive actions may be brought for injury as it occurs, and that an action for such injury would not be barred by the statute of limitation unless the full period of the statute had run against the special injury before suit. * * * The embankment and the culverts were permanent, but the nuisance was not; there was no constant and continuing injury."

The case made by the pleadings and the evidence of defendant in error comes within the first of the two classes. He asks for depreciation in the value of his property caused by the action of the city in so paving a street adjoining his property as to change the flow and drainage of the waters on and along the street, causing them to enter an alley, and from the alley to flow and enter upon his lots. It is alleged that such action of the city caused permanent injury to the lots. The suit was filed November 14, 1929. According to the undisputed evidence, the paving complained of was completed and accepted by the city January 18, 1927. The petition does not allege when the paving was completed. It does allege that from and since December, 1927, the water from the street flows and remains upon the lots. Taken as a whole, however, the petition very clearly seeks recovery of damages for the depreciation in the value of the lots caused by the very construction of the pavement. The effect of the allegations is that the construction and continuance of the pavement, which is of a permanent character, were necessarily an injury, and that they so changed the flow and drainage of water along Carroll street as to cause permanent injury to the lots.

The evidence offered by defendant in error even more clearly brings the case within the first of the two classes of actions above referred to. According to the undisputed evidence a concrete apron, leading from the pavement on Carroll street into the alley, was so constructed that it carried off the

street and into the alley a part of the water that formerly ran down Carroll street and past the lots. This water thus carried into the alley, or at least a part of it, entered the lots. Defendant in error, after describing this condition by his testimony, and by other evidence, testified that since the paving was done the water enters the alley from Carroll street and goes down the alley and upon his lots, that this condition arose after the pavement was completed and before it was accepted, and that the permanent damage to his property caused by the pavement continued from and after the time it was built and accepted by the city.

Defendant in error did testify in a general way that sand had washed into his garage since the last two years and since the pavement was built, that there had been heavy rains within the last two years, that the water coming down had injured his property during such period, and that the injury became more apparent as the successive rains came. This testimony but evidences the continuing injury caused by the paving. It does not show any certain, definite, or particular injury done during the two years immediately preceding the filing of the suit.

As to the extent of the injury and the amount of damage done, the only evidence offered by defendant in error was testimony as to the amount of the depreciation in the value of his property caused by the paving, or the difference between the value of the property immediately before the placing of the pavement and immediately afterward. Thus, defendant in error, by the evidence which he offered as the basis for the recovery sought, proved only the amount of full compensation for all of the injuries growing out of the construction of the pavement, including not only past, but also future overflows as well.

■ Even if the petition could be construed as alleging a suit for damages on account of injury done to the property during the two years immediately preceding the filing of the suit, the plea of limitation is a bar to recovery because the case made by the proof is one in which the building of the pavement of itself created a complete, permanent, and continuing injury. Defendant in error, as above shown, testified that the injury to his property arose at the time the pavement was completed, and that the injury continued from and after that time. Limitation began to run, if not upon the completion of the pavement, at the time when the injury was suffered. See City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.(2d) 57; Town of Jacksonville v. McCracken (Tex. Com. App.) 232 S. W. 294; St. Louis S. W. Ry. Co. v. Clayton, 54 Tex. Civ. App. 512, 118 S. W. 248 (application for writ of error refused).

This case is not controlled by City of Houston v. Parr (Tex. Civ. App.) 47 S. W. 393, and other like cases cited in the opinion of the Court of Civil Appeals. They hold at most that recovery may be had for depreciation caused within the two years immediately preceding the filing of the suit. It is to be assumed that there was evidence in those cases showing in a definite and certain way the nature and extent of the depreciation caused during such period. In this case there is no evidence whatever of the extent of the injury done by the water during the two-year period, and no evidence that could be the basis for measuring the damages for the injury done during such period.

■ Defendant in error, in a supplemental brief, argues that the judgment should be affirmed because there is evidence that the city, within two years prior to the time the suit was filed, neglected to clean out the ditches in the alley, with the result that water overflowed and damaged the property. But defendant in error, in his petition, does not ask for damages caused by such negligence. Furthermore, there is no proof as to the extent of the injury caused by such alleged negligence; the evidence offered proving only the extent of the entire injury done by the construction of the pavement.

■ There is no evidence to establish estoppel of the city to plead limitation. The only testimony bearing on this pleading is that the mayor promised to do what he could to get something done, and asked defendant in error to wait a while before filing suit, in the hope that perhaps he could induce the governing body of the city to do something. The mayor recommended to the commission that something be done, but no action was ever taken by the commission, and it appears that the matter was never discussed in a meeting of the commissioners. It is not shown that there was ever a definite promise by the mayor that the city would do anything. The mayor's promise was not a false representation, and it appears that he did what he promised to do. Essential elements of estoppel are lacking. Pomeroy's Equity Jurisprudence (4th Ed.) §§ 805, 808.

By motions, first filed in the Supreme Court, defendant in error seeks dismissal of the appeal on account of the failure of the city to file an appeal bond when the case was appealed from the trial court, calling attention to the fact that what was article 768 of the Revised Civil Statutes of 1911, providing that cities might appeal without filing bonds, was omitted from the Revised Civil Statutes of 1925.

■ Without passing upon the question whether this motion comes too late for consideration here, it is our opinion that under the existing statutes a city may appeal from a judgment against it without filing an appeal bond.

Article 2072, of the Revised Civil Statutes of 1925, is as follows: "No security for costs shall be required of the State or of any incorporated city or town in any action, suit or proceeding, or of an executor, administrator or guardian appointed by a court of this State in any suit brought by him in his fiduciary character."

The language of this article is broad enough to have reference not only to bonds as security for costs in trial courts, but also to bonds as security for costs accruing by reason of an appeal. An appeal bond is a bond given as security for costs. See article 2265, R. S. 1925, prescribing the conditions of an appeal bond. It was held, in effect at least, in the case of Harding v. City of Raymondville (Tex. Com. App.) 58 S.W.(2d) 55, 56, that article 2072 exempts cities from the filing of appeal bonds. In the opinion in that case the appeal by the city is treated by reason of article 2072 as having been perfected without the filing of an appeal bond; it being held that after the appeal was perfected the city had the right to abandon the appeal, as it did, and sue out a writ of error.

The opinion of the Commission of Appeals in Harding v. City of Raymondville, supra, states that "all necessary steps were taken to appeal the cause by writ of error," and the judgment of the Supreme Court affirms the judgment of the Court of Civil Appeals [40 S.W.(2d) 888] reversing and remanding the case. The record in the case discloses that no writ of error bond was filed. This amounts to a decision that the filing of a bond was not necessary to the perfection of the appeal by writ of error, and that both the Supreme Court and the Court of Civil Appeals had jurisdiction of the case, notwithstanding the failure of the city to file a writ of error bond.

Article 1174, R. S. 1925, contains the following: "All cities may institute and prosecute suits without giving security for cost and may appeal from judgment without giving supersedeas or cost bond."

It is true that the first part of this article relates to cities which have adopted charters under what is known as the home rule law (Rev. St. 1925, art. 1165 et seq.), that the article is a part of the chapter dealing with such home rule cities, and that the part of the article quoted is a part of the home rule law as originally enacted in 1913 (p. 307). However, this part of the article, using the words "all cities," was re-enacted by the Legislature when the Revised Civil Statutes of 1925 were adopted, and under the rule that statutes regulating appeals should be given a liberal construction it may reasonably be construed, notwithstanding its position in the Code, as applying not only to home rule cities, but to all cities. We conclude that both article 2072 and article 1174 exempted plaintiff in error from filing an appeal bond.

Because under the undisputed evidence the plaintiff's suit was barred by limitation, the trial court's judgment should have been that the plaintiff take nothing.

We recommend that the judgment of the Court of Civil Appeals and that of the trial court be reversed, and judgment be rendered for plaintiff in error.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.