## CITY OF HOUSTON v. WILLIAMS.

(Court of Civil Appeals of Texas. El Paso. Jan. 23, 1913. Rehearing Denied Feb. 12, 1913.)

1. MUNICIPAL CORPORATIONS (§ 845*)—TORTS —INJURY TO PROPERTY—RIGHT OF ACTION FOR DAMAGES.

The fact that there was no evidence of any purpose on the part of defendant city to permit any further enlargement of the ditches in front of plaintiff's property would not deprive plaintiff of the right to sue for permanent damages for the present, and probable future natural enlargement of them.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1796–1802; Dec. Dig. § 845.*]

2. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Where plaintiff in an action for damages to his property from drainage ditches declined to state what he would take for the property, but afterwards offered to testify as to that matter, to which defendant then objected, the refusal of the court in the first instance to compel him to testify was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITION.

An insufficient proposition will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by John P. Williams against the City of Houston. Judgment for plaintiff,

and defendant appeals.   Reversed and remanded. ·

W. H. Wilson, J. E. Niday, and Samuel B. Dabney, all of Houston, for appellant. S. H. Brashear, of Houston, for appellee.

HIGGINS, J.   This is a companion case to City of Houston v. Merkel, 153 S. W. 385, this day decided, and the cause is reversed for error in the charge of the court upon the measure of damage.   Appellant presents here the same assignments as in the Merkel Case, and we refer to our opinion in this latter case for expression of our views upon the same.   In this case, however, there are some additional assignments, which will now be discussed.   The Merkel Case was tried immediately preceding this case, and challenges to nine of the panel of jurors were made upon the ground that they had served in the Merkel Case wherein the same identical issues were involved, and because the witnesses and testimony would be, to a great extent, the same, and because the jurors had formed an opinion by reason of their concurrence in the verdict rendered in the Merkel Case, wherefore they were not fair and impartial jurors.   Nine such challenges for cause were made and overruled, and appellant, having exhausted its peremptory challenges, was compelled to accept on the jury a number of the jurors who had served in the Merkel Case.   Since the cause is being reversed for the error noted above, it is unnecessary for us to pass upon the question here presented, since the same need not arise upon retrial, and should not.   The question here presented is a grave one, and any possibility of error in this respect upon a retrial should be avoided.

The twelfth assignment is overruled.   The principle embodied in the charge, and attempted to be presented, is well settled, but the charge as drawn was correctly refused.

[1] There was no error in the refusal of defendant's special charge which reads as follows: "There is no evidence in this case that the city proposes to permit any further enlargement of the ditches in front of plaintiff's property, and you are further charged that the plaintiff sues in this case for permanent damages only.   Therefore he has no right to recover for any damages or washouts, although the same may cause inconvenience to the plaintiff, or those living or going upon his property, and although thereby reasonable egress and ingress may be limited, because you have no right to presume that such conditions will be permitted to continue.". It may be that there was no evidence of any purpose on the part of the city to permit any further enlargement of the ditches in front of plaintiff's property, but this would not deprive her of her right to assessment of damage for the present, and probable future natural enlargement of the

ditch.   Further inattention thereto upon the part of the city would result in an inevitable widening of the ditches, and, if the city desired to have prevented the recovery of probable future damage, steps should have been taken to have placed the ditches in such shape as would prevent further erosion. Plaintiff could not be deprived of her right to compensation for such natural consequences by surmise and speculation that the city might at some time in the future see fit to remedy the existing conditions.   Property rights depend upon no such uncertain basis.

[2] Plaintiff Williams on the stand upon cross-examination was asked what he would take for his property on the west side of Hutcheson street, which he declined to answer, and the refusal of the court to compel him to do so is complained of.   The bill of exception covering this matter discloses that after the noon recess the witness then offered to testify in regard to the matters inquired about, but defendant's counsel then objected to him doing so, and in this condition of the record this matter presents no reversible error.

[3] The twenty-third assignment is not considered.   It is submitted as a proposition, and as such is insufficient.

Reversed and remanded.